## HERNDON v. GARRISON.

1. H assigned a promissory note to G; under the assignment, and bearing even date therewith, H wrote as follows : " Also this note is not to be sued for three months, I will stand good for the payment of the same, waiving all demands and notices ;" two months after the transfer, G brought an action against the maker, obtained a judgment in the regular course of proceeding, and caused a

*fieri facias* to be issued thereon, which was returned "no property found" and sued H: *Held,* 1. That H could not object that the suit was prematurely brought against the maker; especially as G might have delayed until the three months expired, caused an execution to be returned "no property found," and have sued H quite as soon. 2. If the objection was available, it should have been taken by plea in abatement.

2. *Semble;* where the defendant suffers a note to be read to the jury, without objecting to the correctness of its description in the declaration, but excepts to the legal sufficiency of the evidence, an appellate court should not revise the question of variance.

WRIT of Error to the Circuit Court of Benton.

The defendant in error declared against the plaintiff in *assumpsit*, as the endorser of a promissory note made by Joel D. Hicks, on the 29th June, 1839, for the payment of three hundred and fifteen dollars, one day after date. The cause was tried on the plea of *non assumpsit*, with leave to give special matter in evidence. On the trial, the plaintiff offered the note with its indorsements, which are as follows: "I assign the within to Caleb Garrison, for value received, January 4, 1840,—E. Herndon. Also, this note is not to be sued for three months, I will stand good for the payment of the same, waiving all demands and notices. January 4th 1839. E. Herndon."

The defendant offered the record of a suit by the plaintiff, against the maker of the note, commenced on the 4th of March, 1840, which shewed the recovery of a judgment, and the return "no property found," previous to the institution of the present action. Thereupon he moved the court to instruct the jury, that under the proof they must find for the defendant, which instruction was refused, and he thereupon excepted. The jury returned a verdict for the plaintiff, and a judgment has been rendered thereon.

S. F. RICE, for the plaintiff in error.
No counsel appeared for the defendant.

COLLIER, C. J.—It is argued by the plaintiff in error, that both the indorsements on the note are to be considered as simultaneously made, and constituting in themselves an entire contract. That by the acceptance of the note under the condition annexed to the transfer, the indorsee impliedly stipulated that the maker

should not be sued within three months; and the breach of that contract, on his part, is a legal bar to his recovery against the indorser.

It is true, that the terms of the indorsements, and their date, would authorise the conclusion, that they were made at the same time, and when the defendant was about assigning his interest in the note to the plaintiff. But they do not establish such a contract as makes a forfeiture of the right of recovery against the indorser, the consequence of suing the maker within three months. The agreement that suit was not to be brought in that time, was intended either to relieve the indorsee from suing to the first court after he received the paper, or as an indulgence to the maker, so that he might pay without legal coercion. It cannot be regarded as a condition, the strict observance of which is necessary, in order to continue the liability of the indorser. Whether it was competent for the maker of the note to have pleaded in abatement of the action against him, that it was prematurely brought, we will not determine; but that suit being at an end, the indorser cannot set up as a defence that it was brought too soon. He has *prima facie*, sustained no injury by such a course on the part of the indorsee, and cannot insist upon the breach of an independent stipulation, as furnishing a reason, why he should not be discharged from his engagement to answer for the makers default.

The suit was brought at the end of two, instead of three months, the judgment was obtained at the second term of the court, and an execution issued and returned " no property found" to the third. Now, suppose the indorsee had not sued until after the three months had expired, and then had brought his action to the county, instead of the circuit court, he would have obtained a judgment, but two or three months later, and his execution would have been in the sheriff's hands during one half the time, that it appears he had an execution. Had the sheriff thought proper, he might have returned the execution long before the return day. [Reese v. White, 2 Ala. Rep. 306,] and thus, whether the action was brought within, or after the expiration of the three months, a suit might have been commenced against the indorser quite as early. It is impossible, upon principle, to consider the terms of the indorsements as imposing an obligation upon the indorsee not to sue the maker within a definite time at the hazard of discharging the indorser. The most that can be objected by the indorser is,

that by the suit being prematurely brought against the maker, he is subjected to an action too soon. If this objection were well founded, and injury could result from it, so as to make it available as a defence, it should have been pleaded in abatement instead of being relied on as a bar.

In respect to the objection that the note and indorsements set out in the bill of exceptions vary from the description of them in the declaration, we would remark, that we have been unable to discover any very material variance; and if there was an important discrepancy it could not now be noticed. The evidence was received without objection to its admissibility, and the only question was, as to its legal sufficiency to authorise a recovery of the defendant under the circumstances. We think the circuit court properly refused to charge the jury as prayed by the defendant, and its judgment is consequently affirmed.

CLAY, J. not sitting.