## CHILDRESS, Pro Ami, vs. HARRISON, Ex'r, et al.

[BILL IN EQUITY TO ENFORCE PAYMENT OF PECUNIARY LEGACY.]

1. *Bill to enforce payment of pecuniary legacy; when should not be dismissed for failure to allege payment of testatrix's debts.*—Where a bill filed by a female minor, to enforce payment to her of a pecuniary legacy, is submitted for final decree on bill and exhibit, and decrees *pro confesso* against all the defendants, the chancellor should not, *ex mero motu,* dismiss the bill, even without prejudice, no defense being interposed by plea, answer, or motion to dismiss, because the bill omits to allege that all the debts of the testatrix have been paid, if it appear that the administration has been pending for ten years, and that sufficient assets have been received by the executor to pay the legacy. In such case, the chancellor should direct the bill to be amended, or proceed to decree any relief appropriate to the facts stated.

2. *Judgment on reversal; when will not be rendered.*—Where a defendant may have relied upon the dismissal of the bill on account of technical defects in its frame, and on this account fails to defend, this court will not render judgment upon reversal, but will remand the cause, to give an opportunity for defense on the merits.

APPEAL from the Chancery Court of Greene.

Heard before Hon. A. W. DILLARD.

THIS was a bill in equity, exhibited on the 21st of June, 1869, in behalf of Maria Childress, a minor, by next friend, to enforce the payment of a pecuniary legacy, &c. bequeathed her by the last will and testament of Catherine Harrison, deceased.

The bill alleges, in substance, that the will was duly admitted to record and probate on the 19th of May, 1859; that one Joseph H. Harrison duly qualified as executor of said estate on the same day, and being exempted by said will from giving bond, took all the property of his testatrix into his possession, and administered thereupon without ever having given bond or security for the faithful performance of his trust.

2d. That said Harrison's testatrix bequeathed to oratrix a pecuniary legacy of $1,000, to be paid out of said estate, and that Harrison, though often requested to do so, has utterly failed and refused to pay said legacy; that at various times said Harrison received and collected, as executor, large sums of money, as much as $10,000, and under the power in the will sold and conveyed all the property, both real and personal, belonging to the estate; that, disregarding complainant's rights, he had used the money received by him, partly for his own benefit and partly to pay the other residuary legatees under said will; that on or about the ― day of ―――, 1859, he sold a house and lot, situate in Greensboro, Alabama, and that Laura P. Simmons, wife of J. C. Simmons, a daughter of testatrix and one of the residuary legatees, became the purchaser, at the price of $3,600, executing to Harrison, as executor, her promissory note therefor; that said Laura has never fully paid said note, nor has the executor ever received full payment of the purchase-money from any one in her behalf; that said Harrison has surrendered said notes to her without collecting the whole amount due thereon, and that a portion of the note is still due testatrix's estate, and liable to the payment of complainant's legacy and interest thereon; that Harrison has removed to Florida without making any final settlement, and is hopelessly insolvent.

The will is made an exhibit to the bill. The bill prays a discovery from two of the defendants as to certain allegations of the bill, and contains various interrogatories, the answers to some of which were required to be given under oath; but it did not contain the appropriate allegations, that the discovery by defendants was indispensable as proof, or that plaintiff was unable to make proof by other witnesses, &c.

The prayer of the bill is as follows : "That oratrix may have relief against said Harrison as executor, &c., for the recovery of said legacy, as also against the property now held by Laura P. Simmons, as to the matters inquired of in this bill of complaint," &c. There was also a prayer that the house and lot sold to Laura P. Simmons be sold for the payment of the amount due for the purchase thereof, and that the proceeds be applied to the payment of the principal and interest due complainant on account of the legacy, and for account, &c., and for general relief.

The executor, Harrison, and said Laura P. Simmons, and her husband, were made parties defendant.

There was a decree *pro confesso* against all the defendants, and the cause was submitted for final decree on bill, exhibit, and decrees *pro confesso*. The chancellor held that an administrator *de bonis non* was the only party entitled to a discovery against the purchaser of the house and lot as to the balance due on the purchase-money, and dismissed the bill without prejudice for this, and the further reason that there was no allegation that all the debts of the estate had been paid.

W. & W. J. WEBB, for appellant.—1. The jurisdiction of a court of equity to enforce the payment of a legacy, in such a case, is fully sustained by the authorities.—18 Ala. 348–51; 32 Ala. 314; 1 Story's Equity, § 540, p. 512, old edition; 1 Story's Eq. Jur. § 80; 7 Ala. 906.

2. The decree was erroneous dismissing the bill as to any of the defendants, all of whom were in contempt of court for failure to answer, with decrees *pro confesso* each.

In the case of *Hogan et al. v. Smith et al.*, (15 Ala. 600), the court says : " Where the allegations of a bill authorize any decree whatever against a defendant who is in contempt, it is error with the chancellor to dismiss it as to him."

3. The chancellor should not have dismissed the bill for want of a party, even a necessary party, without affording the complainant an opportunity to amend.   To do so was error.—*Colbert v. Daniel*, 32 Ala. 314; 1 Daniel Chancery Practice, pp. 334, 336, and notes ; Story's Eq. Plead. § 541, and note; *Rugeley v. Harrison*, 10 Ala. 703, opp. 745–46 ; *Hobson v. Andrews*, 23 Ala. 219, opp. 232.

4. But an administrator *de bonis non* could not be appointed until the executor was legally removed from office. His removal from the State did not work his removal from the office of executor, though it would be a sufficient cause for his removal by the court that appointed him.   Therefore, an administrator *de bonis non* could not be a necessary party.   The right of complainant to recover from this executor, who had gone on in the administration, and violated his duties by paying over large sums of money to the residuary legatees, remained to her unaffected by his further delinquency of having removed from the State without making a settlement.

An administrator *de bonis non* could only administer on the property of the estate remaining in specie, or undisposed of by the executor.—17 Ala. 653 ; 21 Ala. 739 ; 20 Ala. 345 ; 5 Randolph, 56, 126.

5. It was not necessary to allege that all the debts of the estate had been paid ; for if there were any such debts, they were barred by the statutes of limitations and of non-claim, more than ten years having elapsed from the granting of the letters to the filing of the bill.   And this would be matter of defense to be set up by the executor. *Magee v. Gregg*, 11 Smedes & Marshall, 76 ; 2 *ib.*, 527, 530.

5. The seventh section of the bill charges the executor with having collected assets, viz., $10,000, which he in part converted, and in part paid to the other residuary lega-

tees, and his sister, L. P. Simmons, of the number, which is enough of itself to charge the executor with the payment of this legacy.

7. The bill does not ask for a decree or recovery against Laura P. Simmons, but seeks a sale of the lot (sold by executor) for the balance of the purchase-money, and the application of the proceeds to the payment of the legacy.

The executor had a lien on the lot for the purchase-money, and the complainant may be, in a court of equity, subrogated to that lien without the appointment or intervention of an administrator *de bonis non*. It would be useless to have an administrator *de bonis non* appointed, unless it were shown that there were outstanding liabilities of the estate, and a court of equity will not require a useless thing to be done.—20 Ala. 482.

8. The facts stated in this bill, and as they stand confessed by all the defendants, constitute a fraud perpetrated by the defendant, Josiah H. Harrison, as executor of the will, upon the rights of complainant. This of itself alone authorized the complainant to go into equity, and to seek the aid of the court she did for relief against that fraud.

9. In such a case as this, the supreme court may, and will proceed to render such decree as ought to have been rendered.—Rev. Code, § 3502; 32 Ala. 149.

COLEMAN & SEAY, *contra* —1. The bill should have been dismissed, because the complainants did not make such a case as, if admitted by answer, or proved on the hearing, would have entitled her to a decree. Every fact which is essential to the complainants' title, and which authorizes the relief asked, must be alleged, or the defect is fatal. The court pronounces its decree *secundum allegata et probata*.—1 Danl. Chan. Prac. 412; Story's Eq. Pl. 257.

The allegation that the debts of the estate had been paid, and upon denial, proof thereof, is essential to entitle the complainant to the relief sought. For the debts of the decedent must be paid before the legacy can be paid. There is no such averment in the bill; indeed, the allega-

tion of maladministration by the executor, his removal
from the State, &c., justify the inference that there were
debts against the estate outstanding and unpaid. This
presumption should not only be negatived, but there
should have been a distinct averment that the debts had
been paid. To allow a legatee, by a proceeding against
the executor and only one of several other legatees, to
realize a fund which neither the complainant nor the reg-
ister could administer, and which may be chargeable with
outstanding unpaid debts of the decedent, would be in di-
rect violation of the rule we invoke, and authorize that in-
justice to creditors against which the rule was leveled.
*Worthy et al. v. Lyon*, 18 Ala. 784; 2 Redfield on Wills,
547; Tiff. & Bullard on Trusts, 308, *et seq.;* 7 Pick. 1; 10
Pick. 75.

The probate court should appoint an administrator *de
bonis non*, who can dispose of unadministered assets.
7 Pick. 1.

We admit that the chancery court may, in all cases, take
jurisdiction, though that of the probate court has attached,
where the interests of parties are varied and complicated,
and the condition of the estate renders the powers of the
probate court inadequate to a proper adjustment of con-
flicting interests; but this will only be exercised on a bill
filed for the purpose of removing the administration to the
chancery court, with all parties before the court, and with
distinct averment of these "peculiar facts" which alone
confers the jurisdiction and authorizes the decree. This
is not such a case.—18 Ala. 348; 8 Port. 381; 15 Ala. 264;
8 Ala. 744; 14 Ala. 270; 6 Ala. 423, 743.

3. The bill should have been dismissed by the chancel-
lor, because the result of the relief asked would have been
to have placed in her hands a fund which she could not
administer or properly dispose of. The complainant could
not apply the proceeds of the sale sought to be had so as
to adjust the rights of the defendants to the bill, or to pay
the debts of the estate, nor could the chancellor authorize

the register so to do.—*McCattney v. Calhoun*, 11 Ala. 110 ; *Scott v. Abercrombie*, 14 Ala. 270.

4. The legatee can not pursue assets in the hands of a purchaser, except where he has been guilty of fraud; and this the law will not presume. It must be distinctly alleged.—2 Redfield on Wills, 558.

5. In this cause one legatee only sues. If a legatee sue alone, he must bring all parties in interest before the court and ask for an administration of the estate.—Story's Eq. Pl. 104, and note 1.

6. This bill was dismissed without prejudice. In *Goodman, Ex'r, v. Benham*, (16 Ala. 631,) the court says : " It is not indispensable to the action of the court that the want of parties should be presented by demurrer. It is allowable for the chancellor to notice, in *mero motu*, even at the hearing, and order the bill to stand over on leave to amend, or to dismiss it without prejudice."—4 Ala. 350 ; 10 Ala. 703 ; 1 Smith's Chan. Prac. 203, 512, 513 ; 20 Ala. 477 ; 32 Ala. 322.

An unqualified dismissal for want of proper parties is erroneous, but a dismissal without prejudice to complainant is allowable.

No inference can be drawn that the debts are paid. There must be a distinct allegation that the debts are paid. *Bliss v. Anderson*, 31 Ala. 612, and particularly page 625.

PETERS, J.—This is a bill in chancery to enforce the payment of a pecuniary legacy. There was no defense whatever interposed in the court below. The case was submitted upon the bill, exhibits, and decree *pro confesso* against all the defendants. But on the hearing it was dismissed by the learned chancellor without prejudice, because it was not alleged that the debts of the estate had all been paid. From this decree the complainant in the court below appeals to this court.

There can be no doubt that chancery will take jurisdiction to enforce the payment of a pecuniary legacy. This is a branch of its original jurisdiction which has never been

taken away.—*Pearson et al. v. Darrington, Adm'r*, 18 Ala.. 348 ; 1 Story's Eq. § 80.

Generally, such a bill should show that the debts of the testator have all been paid, as these are a charge upon the whole property of the deceased.—Revised Code, § 2060 ; 7 Ala. 906. But as courts of chancery will take notice of the effect of the statutes of limitations and non-claim in their proceedings, where the bill shows that the administration has been pending for ten years before the commencement of the suit in chancery for the recovery of a specific legacy, and that the executor has received large amounts of the assets of the estate, which he has converted to his own use, and. used in the payment of the residuary legatees, to the neglect of a *minor* special legatee, the bill should not be dismissed, when it appears that the special pecuniary legacy had been demanded, and its payment postponed without excuse, for ten years after the grant of letters testamentary, because there was an omission to allege in the bill that all the debts of the deceased had been paid. The omission of this allegation in such a case does not defeat the jurisdiction of the court, and render the decree void. If there is no defense interposed by answer, plea, or motion to dismiss, the court has jurisdiction, and the chancellor should not, *mero motu*, repudiate the cause ; but he should direct the bill to be amended, or proceed to decree the relief appropriate to the facts stated in the bill.—Rev. Code, §§ 3327, 3356 ; *Hogan et al. v. Smith et al.*, 16 Ala. 600. The English rules and orders of practice in courts of chancery are not peremptory with us, but only advisory.—Chan. Rules, No. 7 ; Rev. Code, p. 824. The great purpose of our whole judicial system is, that " right and justice shall be administered without sale, denial or delay."—Const. Ala. 1867, Art. I, § 15. Under such a system, the courts should give the largest scope to our very liberal statutes of amendments. I, therefore, think, that under the facts of this case, and the state of the pleadings, the cause should not have been dismissed in the court below. But, as the defendants may have relied upon the

technicality upon which the bill was dismissed for a sufficient defense, the cause will be remanded, that a defense upon the merits may be interposed, if any such exists, in the court below.—Rev. Code, §§ 2105, 2106.

The judgment of the court below is reversed, and the cause is remanded, at the costs of the appellees, in this court and in the court below.