(134 So. 18)

**UNITED STATES FIDELITY & GUARANTY CO. v. ANDALUSIA MFG. CO. et al.**

4 Div. 509.

Supreme Court of Alabama.

March 12, 1931.

Rehearing Denied as to Appellant, Granted as to Appellee, April 23, 1931.

638

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellant.

A. R. Powell, of Andalusia, F. D. McArthur, of Birmingham, and Steiner, Crum & Weil, of Montgomery, for appellees.

For briefs, see U. S. Fidelity & G. Co. v. Benson Hardware Co., ante, p. 429, 132 So. 622.

ANDERSON, C. J.

The legal questions involved in this appeal have been decided and settled by the opinion of this court in the companion case of United States Fidelity & Guaranty Company v. Benson Hardware Company, 132 So. 622, so nothing remains except to apply the law as there laid down to the facts relating to the respective claims here involved.

Roquemore Gravel Company, Intervener.

This claim seems to have been represented by two accounts, noted as Exhibit A and Exhibit D. Exhibit A is for $10,682.21 for sand and gravel supplied, accepted, and used by the contractor at an agreed price, and which was to be used upon the road project in question. Exhibit D, for $941.21, is for gravel which was finally rejected by the highway engineer, and as said claim was disallowed by the trial court it needs no further consideration.

As to Exhibit A, the proof shows that the material was sold and accepted for the road project covered by the bond, and while there is a contention that some part of it was diverted or used in another contract or project, appellant has not met the burden of showing the amount so used and the value of same.

The judgment of the circuit court is affirmed as to this claim.

Dudley Bar Company, Intervener.

The proof shows that the items composing this claim were sold to the contractor to be used in project 273, and were so used, but if any part was not so used the appellant has not shown just what part or how much went into other projects. Indeed, the only serious argument against this claim, apart from the legal questions adversely settled against the appellant in the companion case to which we referred in the outset, is that the works, such as culverts, etc., into which this material went, were not expressly mentioned in the contract. We may here quote the following provision of the contract, to wit: "The Contract shall include the Proposal, Plans, Specifications and Contract Bond, also any and all Supplemental Agreements required to complete the construction of the road in a substantial and acceptable manner."

The judgment of the circuit court as to this intervener is affirmed.

Andalusia Manufacturing Company, Intervener.

The witnesses Merrill and Walker both testified that the lumber was sold to Taylor, the contractor, to be used on project 273. Walker also identified some of the material as being used on said job. Grover Garvin, who worked for Taylor, testified that a good deal of this material was used on the state job or project 273. This evidence at least made out a prima facie case for this intervener, and made it incumbent upon the appellant to show that it was used on the city or other jobs, and what part was so used, and which it failed to do.

The judgment of the circuit court as to this claim is affirmed.

Tilley Lumber Company, Intervener.

It is doubtful if the appellant's brief is sufficient to establish error upon the conclusion of the trial court as to the facts, as no reference is made as to what evidence shows the material was used on other projects or for purposes other than the one for which it was sold. Said brief simply refers to the argument against the Young and Dudley claims, and which no doubt refers to the legal questions which have been adversely decided in the

companion case heretofore adverted to in this opinion.

It is sufficient to suggest, however, that the evidence in support of this claim has been examined, and shows that the lumber was specifically sold to be used in project 273, and that some or all of it was so used. At any rate, the appellant has failed to overcome the intervener's prima facie case by showing how much, if any, was used in other jobs.

The judgment of the circuit court as to this claim is affirmed.

### Young & Vann Supply Company, Intervener.

There is but little doubt that the articles constituting this claim were sold by these interveners to the contractor to be used on the project covered by the contract and the bond, and that the major part of same was so used, and the appellant has failed to point out or establish just what part thereof was diverted to or used on other jobs or projects.

Appellant contends that much or a good portion of the material was used in culverts not specifically mentioned or covered by the original contract, but covered under a subsequent agreement or extension, and was not therefore covered by the bond. The proof, however, shows that this was but an enlargement or extension of the same project.

█ The contract provides: "The Contract shall include the Proposal, Plans, Specifications and Contract Bond, also any and all Supplemental Agreements required to complete the construction of the road in a substantial and acceptable manner." We therefore hold that the bond covered all agreements for the construction and completion, including extensions and enlargements, of the project.

█ The trial court rendered a judgment for this intervener for the full amount of the account, including the item of $740.01 for "pipe and connection." It seems that this piping was not used or consumed in the job, but was but a part of the equipment used in connection with the performance of the contract, just as teams, machinery, etc. The proof shows that this piping was used only temporarily in supplying water to the works, and was taken up and removed when the job was completed. The trial court erred in including this item in the intervener's judgment, and the judgment of the circuit court as to this intervener is reversed, and the cause is remanded.

There are numerous assignments of error relating to the rulings upon the evidence, and we have considered all of them that have been sufficiently urged in brief, and find that they were either free from error or without injury if erroneous.

The judgment of the circuit court is affirmed in part, and reversed and remanded in part; the costs of this appeal to be taxed one-tenth to the Young-Vann Supply Company, and the balance to the appellant.

GARDNER, BOULDIN, and FOSTER, JJ., concur.

### On Rehearing.

ANDERSON, C. J.

█ The appellant insists that the opinion does not deal with the question as to whether or not the main suit, that is, of the Andalusia Company, was brought within sixty days "after the complete performance of said contract and final settlement thereof," as required by the statute. Laws 1927, p. 356, § 28(e). This case was governed largely by the opinion in the companion one of U. S. Fidelity & Guaranty Co. v. Benson Hardware Company, 132 So. 622, 625.[1] True, the court did not have to decide in that case whether time began to run from making the final estimate or from the approval by the examiner and Governor, as all was within sixty days. But the opinion does state "after the complete performance of said contract and final settlement thereof," and these words have been interpreted by the federal cases to "mean the time when the amount due under the contract is determined by the appropriate administrative authority." We therefore hold that, while the contractor, Taylor, may have approved and sworn to the claim September 13, 1928, it was not approved by the examiner of public accounts and the Governor until October the 8th and, as the suit was brought within sixty days from said last date, it was in time. Application of appellant overruled.

Application is also made by one of the interveners, the Young & Vann Supply Company, that the judgment as to their claim be corrected and affirmed and not reversed. This application is granted, and the judgment of reversal is set aside, and their judgment is reduced to $1,562.07 and affirmed.

The judgment as to cost unchanged.

GARDNER, BOULDIN, and FOSTER, JJ., concur.

---

[1] Ante, p. 429.