(133 So. 910)

## SINGER et al. v. ANNISTON HARDWARE CO.

7 Div. 25.

Supreme Court of Alabama.

April 16, 1931.

Hardegree & Cockrell, of Ashland, for appellant.

Pruet & Glass, of Ashland, for appellee.

BOULDIN, J.

The suit is on a state highway contractor's bond, given under Project S-307-B, Ragland to Talladega.

Plaintiff's claim is an account, $111.75, for harness and harness material sold a subcontractor for the equipment of mule teams.

The principal items are bridles, lines, collars, traces, hame strings, back bands, together with harness leather and other items for repairing or reconditioning harness.

In the recent case of U. S. Fidelity & Guaranty Co. v. Benson Hardware Co., 132 So. 622,[1] this court has, in a carefully prepared opinion by Mr. Justice Foster, reviewed our former cases, and stated the principles governing many classes of claims in cases of this kind. The instant case calls for no further discussion.

The evidence is without substantial conflict.

Gunter, the subcontractor, was engaged on two or three jobs at and about the time of the purchase of this bill, September 29, 1928.

There is no evidence that anything was said between the parties at the time touching the use of these materials or supplies on the state project. So far as appears, the seller may have known nothing of the buyer's connection with such project.

The evidence tends to show a part of such equipment was used on a job in another county, whether before or after going to the state job, the witness declines to say. Other evidence is that all of it was carried to the state project, and there used for only a "few days," some "three days," or "three or four days." Other evidence shows the work of this subcontractor on the state project was nearing its finish at that time, and the teams and equipment proceeded to another job.

The evidence may be reasonably held to show a purpose on the part of the buyer to use this material on this job, but certainly not on this job alone, or for sufficient time as to substantially consume such material.

No question being raised as to the classification of harness or harness parts and materials, as regards the coverage of the bond, we direct our attention to the use of same in this case.

Articles within such coverage, purchased for use on a given project, and primarily so used, thus substantially contributing to its completion, are secured by the bond without regard to whether they are worn out on the job.

But a mere temporary use, although in mind at the time, coupled with a purpose to use it, and the actual use of it wherever occasion arose, will not render bondsmen liable.

Such is this case.

Under any fair construction of the evidence, plaintiff's case was not made out.

At all events, the evidence "plainly and palpably" supported the verdict of the jury.

The court below erred in granting a new trial. This ruling is reversed, the order granting a new trial vacated, and a judgment here rendered conforming to the original judgment.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

