(137 So. 295)

## SHERRILL OIL CO. v. TAYLOR et al.

### 4 Div. 573.

Supreme Court of Alabama.

Oct. 15, 1931.

A. R. Powell, of Andalusia, for appellant.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellees.

THOMAS, J.

The suit is upon a road contractor's bond, was against the latter and his surety.

The bond contained the provisions construed and applied by this court in many cases, among which are United States Fidelity & Guaranty Co. v. Benson Hardware Co., 222 Ala. 429, 132 So. 622; United States Fidelity & Guaranty Co. v. Andalusia Mfg. Co., 222 Ala. 637, 134 So. 18; Union Indemnity Co. v. Handley, 220 Ala. 292, 124 So. 876; Union Indemnity Co. v. State for Use of Armstrong & Bro. Co., 218 Ala. 132, 118 So. 148; Pettus v. Dudley Bar Co., 218 Ala. 163, 118 So. 153; Union Indemnity Co. v. State for Use of McQueen Smith Farming Co., 217 Ala. 35, 114 So. 415; and United States Fidelity & Guaranty Co. v. Simmons et al., 222 Ala. 669, 133 So. 731. The rules of law applicable to these surety contracts have been fully declared in our cases.

When Everett purchased the "haulage tickets," he became in a legal sense the creditor of the contractor for the work of hauling supplies used in construction for which the surety was liable (under the law for materials, supplies and labor used in execution of the contract) on his bond for construction by the contractor. State, for Use of Wadsworth, v. Southern Surety Co., 221 Ala. 113, 127 So. 805, 70 A. L. R. 296. This would be the legal effect, regardless of the fact that Everett, at the request of the contractor of the work, took up the several tickets of those persons transporting materials so used, surrendered them to the contractor, and in lieu thereof received the "master receipt"; when he purchased the tickets, he became (in this, an equitable action) the assignee of the persons to whom the tickets were originally issued, and had the right in such action to enforce the demand against the surety. United States Fidelity & Guaranty Co. v. Benson Hdwe. Co., 222 Ala. 429 (18), 132 So. 622.

458

In Tison v. Citizens' Bank & Security Co., 208 Ala. 111, 93 So. 857, it is declared that the beneficial owner of a chose in action may sue in his own name, and such evidence of debt may be assigned orally, without delivering the evidence of that debt. A companion case is Benson Hardware Co. v. Taylor et al. (Ala. App.) 136 So. 863, which has been likewise decided. A verbal assignment of a chose in action will be protected in equity. First Nat. Bank of Gadsden v. Murphree, 218 Ala. 221, 118 So. 404. This is a statutory action, equitable in nature. National Surety Co. v. Graves, 211 Ala. 533, 101 So. 190. The labor tickets that were transferred and assigned on purchase by Everett, and exchanged for master receipt and transferred through others to appellant, were disallowed by the trial court. In this ruling and judgment there was reversible error.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and FOSTER, JJ., concur.