140 So. 429

### AMERICAN SURETY CO. OF NEW YORK v. MITCHELL.

### 3 Div. 992.

Supreme Court of Alabama.

Jan. 21, 1932.

Rehearing Denied March 31, 1932.

Steiner, Crum & Weil, of Montgomery, for appellant.

Eugene Ballard, of Montgomery, for appellee.

THOMAS, J.

The appeal is by the surety on a bond for road or bridge construction over the Warrior river at Demopolis.

Appellee sold and delivered to M. D. Morgan Company, in connection with its construction of the Demopolis bridge, certain steel rails and galvanized iron piping, which were used by that company. The rails were used in laying a track along the side of the bridge and abutment for the purpose of hauling forms from the shop to the river by the use of a derrick; and the pipe was used for pumping water from the river to the shop. The Morgan Company, after performing a part of the work of construction, ceased operation, and the work of completion was sublet to the Kershaw Company, who continued to use the rails and pipe until the job was completed. After completion of the work, the Kershaw Company removed the material and deposited the same near the bridge, where it remained at the time of the trial. As to this material, the bill of exceptions recites: " * * * That while this material was second hand, it was in good serviceable condition when sold; that the railroad iron was ordinary steel rails on which trains are operated, some of it weighing fifty-six (56) pounds, and other of it thirty and thirty-five (35) pounds to the yard; that these rails were used by the said M. D. Morgan Company for laying a double track along-

side the bridge and abutment construction for the purpose of hauling with a gasoline engine the forms from the shop of the contractor down to the river by the use of a heavy derrick, and the pipe was used to pump water from the river up to the shop, and was thus used by M. D. Morgan Company during the time he was at work on the construction of the bridge; that the bridge was under construction for a year or more."

It is further shown that none of that material and equipment was incorporated into the bridge, nor was it incorporated or called for by contract or specification, according to which the construction was done and completed; that it was customary for such contractors to have and furnish such material as a part of the necessary equipment for that character of construction.

A definition of "materials" or "supplies," which, from "their inherent nature were necessarily consumed" in such work, was given application in United States F. & G. Co. v. Benson Hardware Co., 222 Ala. 429, 437, 438, 132 So. 622; United States F. & G. Co. v. Andalusia Mfg. Co., 222 Ala. 637 [3], 134 So. 18; Sherrill Oil Co. v. Taylor (Ala. Sup.) 137 So. 295,[1] and authorities; State, for Use of Wadsworth v. Southern Surety Co., 221 Ala. 113, 127 So. 805, 70 A. L. R. 296; Singer v. Anniston Hardware Co., 222 Ala. 620, 133 So. 910; Union Indemnity Co. v. State for Use of McQueen-Smith Farming Co., 217 Ala. 35, 114 So. 415.

We are of opinion, and so hold, that this case is ruled by United States F. & G. Co. v. Benson Hardware Co., supra.

The bill of exceptions further recites that:

"Plaintiff's evidence tended to show that these steel rails were laid on small cross ties rather far apart on the surface of the ground, which was not level, and because of the weight of the derrick and the load carried by it, and the further fact that in taking up the track the rails and ties were raised by a derrick or crane and the ties knocked loose from the rails by the use of a sledge hammer, but that such work was usually done by first drawing the spikes, the rails were bent or warped and rendered unfit for further use, and that because of the manner in which the pipe was taken up, having been moved by attaching a chain to one end of the pipe and the other end of the chain to a truck and drawing it out, most of the pipe was likewise damaged to such an extent that it could not be used. Both the rails and pipe were removed by the Kershaw Company on completion of the work.

"There was testimony introduced by the defendant tending to show that, while the rails were somewhat 'kinked', they and a considerable portion of the piping could be straightened out and made serviceable."

The case was tried by the court without a jury, and the judgment is reversed and one here rendered.

Reversed and rendered.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

