140 So. 597

## UNION INDEMNITY CO. v. RICKS et al.

### 6 Div. 751.

Supreme Court of Alabama.

March 10, 1932.

Rehearing Denied April 7, 1932.

London, Yancey & Brower and J. K. Jackson, all of Birmingham, for appellant.

Inzer, Inzer & Davis, of Gadsden, for appellees.

BOULDIN, J.

The action is against the surety upon a contractor's bond for construction of a state highway, project S-170, in Blount county. Gen. Acts 1927, p. 356, § 28.

The appeal is to review judgments rendered in favor of certain interveners, upon claims against the contractor for labor and materials.

The point is here raised that the original suit, brought by J. R. Ricks, in which all other claimants intervened as per statute and order of court, was prematurely brought.

Under our statute, no suit on the bond shall be "commenced until after the complete performance of said contract and final settlement thereof." This means after the date "when the amount due under the contract is determined by the appropriate administrative authority." United States Fidelity & Guaranty Co. v. Benson Hardware Co., 222 Ala. 431, 435, 132 So. 622, 625.

The amount due is so "determined" when the final estimate of the highway department is approved by the Governor. United States Fidelity & Guaranty Co. v. Andalusia Mfg. Co., 222 Ala. 637, 134 So. 18.

The claimants introduced in evidence, over objection of defendant, a certified copy of the auditor's warrant on file in the office of the state treasurer, drawn in favor of W. C. McCoy, the contractor and principal in the bond, purporting to be in payment of final estimate on this project. This warrant was dated September 26, 1929, the date of final settlement alleged in the original complaint in this cause filed October 3, 1929. While this warrant might not be evidence of the date of final settlement as against a plea of the statute of limitations, it was evidence of a final settlement prior to date of its issuance by the constituted legal authority, evidence that the suit was not prematurely filed.

But it is claimed the record discloses that in fact a final settlement for the entire performance of the contract was not made until some days after the suit was filed; that a final settlement prior to bringing suit must be averred and proven as part of plaintiff's case in such actions.

Reliance is had upon the federal rule in actions on contractor's bond of this character. Illinois Surety Co. v. United States, 240 U. S. 214, 218, 221, 222, 36 S. Ct. 321, 60 L. Ed. 609; Fleischmann v. United States, 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624.

Appellees insist the federal rule is founded upon the federal law, under which the United States is given the first security and right of action on the bond, actions by materialmen being subordinated and postponed for six months after final settlement, etc.; that under our statute a defense that the action was prematurely brought should be set up by plea in abatement. This upon the authority of Herndon v. Garrison, 5 Ala. 380; Mahoney v. O'Leary, 34 Ala. 97; Foster v. Napier, 73 Ala. 595.

Under a statute like ours, where only one suit may be brought, and that within sixty days after final settlement, a statute requiring notice to all known creditors of the pendency of such suit and of their right to intervene therein as per order of the court, tantamount to notice that the entire matter is already drawn within the jurisdiction of the court, such creditor may well be lulled into acquiescence, and fail to institute an original suit of his own within the limited time allowed by law.

We think any issue as to the premature filing of the suit should be promptly raised by appropriate plea. The question is one of procedure rather than of substantive law.

In this case, however, the allegation of the complaint touching final settlement had already been adjudicated. There were many interveners. The record shows agreed judgments had already been entered in behalf of many of them before the trial of the interventions now under review. Certainly it is not for the surety to admit the allegations of the complaint applicable alike to all interveners, entering judgments for such of them as he may elect, and thereafter deny such averments as to those interveners he may wish to defeat.

When the allegations going to the maturity of the cause of action on the bond are once adjudicated in an action of this kind, it need not be retried in each intervention suit.

The main issue of fact relates to the claim of intervener, R. D. Chambers. It appears that W. C. McCoy, the contractor and principal in the bond sued upon, subcontracted the work to Chambers, who was to receive the contract price, less 10 per cent. to be retained by McCoy.

After the work proceeded for some months, Chambers not being able to continue under his subcontract, it was surrendered by mutual agreement, and Chambers' continued as superintendent in charge of the work upon a salary. Judgment was rendered for the amount claimed as salary or wages.

Chambers' version is that, in consideration of his turning over his equipment, his interest in sums retained by the state on prior estimates, and all interest in future estimates under his subcontract, McCoy assumed payment of all outstanding bills for labor and material for which the subcontractor was bound, and agreed to pay him a stipulated salary and expense fund as superintendent, and under this arrangement the project proceeded to completion.

The theory of the surety company is that, if it be conceded the trial court, under the controverted evidence, is not to be reversed upon his finding in keeping with Chambers' version as above outlined, still it appears that

Chambers had become largely indebted for labor and materials for which the surety was liable, and which, by reason of McCoy's bankruptcy, it has been compelled to pay; that McCoy's assumption of these demands cannot cut off the right of the surety to a deduction of same from any demand due Chambers.

■ True, of course, when a subcontractor sues on the bond for the full amount due him as such from the principal in the bond, the surety is entitled to deductions for claims of laborers and materialmen of the subcontractor, for which the surety is held directly liable to such laborers and materialmen. The subcontractor being primarily liable for such bills, the surety may recoup the amount of his liability to the subcontractor to the amount of his liability to such laborers or materialmen. This is the holding in United States Fidelity & Guaranty Co. v. Benson Hardware Co., 222 Ala. 430, par. 15, page 438, 132 So. 622.

■ But this does not prevent transactions in good faith in course of the performance of the contract fixing the primary liability for such bills for labor and material as between the principal and subcontractor.

■ The bond is security to subcontractors and others against defaults of the principal under his contracts with them. The law imposes no obligations on the subcontractor toward the surety other than such as arise out of his contract with the principal in the bond.

■ But it is argued that the subcontractor had become so largely indebted to the principal that the transaction was tantamount to a voluntary release, which, if given effect, works a fraud on the surety. Any conspiracy between an insolvent principal and other beneficiaries under the bond to shift a greater burden to the surety than would arise in the due course of bona fide operations is illegal. United States Fidelity & Guaranty Co. v. Butcher, 223 Ala. 606, 137 So. 446.

Admittedly, for reasons explained in appellant's brief, the record before us does not contain all the evidence before the trial court as to the state of the accounts between the contractor and subcontractor at the time the subcontract was rescinded and Chambers put on a salary basis.

The insistence that the uncontradicted evidence is enough to show the lower court in error, notwithstanding other evidence before him, and not before us, cannot be sustained. It appears such accounts were complicated with old outside indebtedness, not connected with this project, and with charges for equipment sold by the contractor to the subcontractor, and returned on such rescission. This court could not with any degree of as-

surance ascertain the state of affairs from the oral testimony, in the absence of the book accounts to which such testimony was directed.

■ It was within the discretion of the trial court to permit the filing of interventions by the other three claimants while the suit was still pending, although the time named in the first order and notice had expired. United States Fidelity & Guaranty Co. v. Benson Hardware Co., supra.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.