142 So. 767

## BENSON PAINT & VARNISH CO. v. AMERICAN SURETY CO. OF NEW YORK.

### 5 Div. 100.

Supreme Court of Alabama.

May 19, 1932.

Rehearing Granted June 9, 1932.

Rehearing Denied June 30, 1932.

Dickinson & Dickinson, of Opelika, for appellant.

Steiner, Crum & Weil, of Montgomery, for appellee.

FOSTER, J.

This is a suit by a materialman on a bridge bond to secure a contract with Alabama State Bridge Corporation, and was payable to it.

The question on this appeal is whether this suit should be abated because of the prior pendency of another suit by another materialman on the same bond. Though the question of whether the Gen. Acts of 1927, p. 356 et seq., has application because the contract was with and the bond payable to Alabama State Bridge Corporation was not argued in briefs, the record shows that situation, and the only question on this appeal is controlled by that act, and therefore we are bound to take notice of that condition.

We do not care here to discuss the nature of the bridge corporation beyond the needs of this case. This court in Alabama State Bridge Corporation v. Smith, 217 Ala. 311, 116 So. 695, 698, referred to such corporation in the following language: "It is intended to put into use and operation public funds and agencies of the state for the common benefit of the people of the state. It would construct bridges for the public use and, in the end, free to the public. It is an arm of the state with none of the limitations, disabilities, or responsibilities that affect private corporations as such." It is also said that the bridges to be constructed will belong to the state. In this connection the discussion in the following cases is interesting: Providence Engineering Corporation v. Downey Shipbuilding Corp. (C. C. A.) 294 F. 641; Skinner & Eddy Corporation v. McCarl, 275 U. S. 1, 48 S. Ct. 12, 72 L. Ed. 131; U. S. Shipping Board v. Western Union Tel. Co., 275 U. S. 415, 48 S. Ct. 198, 72 L. Ed. 345.

We have recently held that such a bond payable to the state board of administration is in effect payable to the state because it is an arm or administrative agency of the state. Consolidated Indemnity & Ins. Co. v. Texas Co., 224 Ala. 349, 140 So. 566.

For such purpose we likewise think that the bridge corporation should be thus classed. We therefore will treat the case, as counsel have, as a statutory bond, controlled by the act referred to.

■ The plea in abatement does not state that the prior suit pending in Montgomery county was instituted "after the complete performance of said contract and final settlement thereof." It does not show either expressly or by inference that it was not prematurely begun. The complaint in that suit, which is made an exhibit to the plea, does not allege that there had been a final settlement. While such allegation is not necessary to confer jurisdiction, the complaint without it is subject to demurrer. Consolidated Indemnity & Ins. Co. v. Texas Co., supra. And even though alleged, if it is prematurely brought in fact, the defendant waives that defense by not pleading it in abatement. Union Indemnity Co. v. Ricks (Ala. Sup.) 140 So. 597.[1] The plea in abatement alleged the general appearance of defendant in the cause. Such appearance is regarded as a waiver of existing matter in abatement unless the right so to plead is duly reserved. 1 Corpus Juris, 262, (note 92); 4 Corpus Juris, 1358 et seq.

■ We have here the question of whether a prior pending suit under the Gen. Acts of 1927, p. 357, prematurely begun, in which that defense is waived by the defendant, is good matter in abatement of a suit begun after the right matured by another creditor who under the statute had such a right of action. The act by which the action is created provides that "it shall not be commenced until after the complete performance of said contract and final settlement thereof," and that "only one action shall be brought." Gen. Acts 1927, p. 357.

While the Ricks Case, supra, holds that, when a suit is begun before it accrues under the statute, the defendant may waive that defense, it does not hold that by such waiver it can control the rights of others than the parties to that suit. When the statute confers a right of action and fixes the limits in which it may be brought, and defendant, by the course of its defense, estops itself from claiming the benefit of such statutory limits, it does not become the only action which under the statute may be maintained. The de-

fendant cannot by its conduct fix the status of a suit as the only one available under the statute. But the only action created by and contemplated in the statute is and must be the first one begun after the cause has accrued.

It follows that thereby two actions may be concurrent in respect to the claim, though the statute limits the right to only one. This condition is a result of what we conceive to be a difference between the federal and state law, as pointed out in the Ricks Case, supra. So that, if the surety company has produced the right to maintain two such concurrent suits in either of which the claimants may intervene, and though thereby the aggregate of the judgments in the two suits may exceed the limit of the liability, it is a condition of which it cannot complain, because it is due to its own voluntary act.

It has been held that, if the defendant could thereby affect the right of one duly authorized to sue after it had accrued, the way is open to collusion to control the venue. Stitzer v. United States (C. C. A.) 182 F. 513. But, in the absence of a claim of such collusion in fact, we prefer to adopt the further argument in that case that by such waiver the defendant cannot curtail the rights of those not parties to that suit, upon whom the statute has conferred such rights by its express terms.

The plea does not aver plaintiff had notice of the former suit pending when the second suit was brought. What would be the effect of such notice, we need not here determine.

The judgment of the circuit court was not in accord with our views now entertained. The former opinion is withdrawn on application for rehearing, and this is substituted for it.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

On Rehearing.

FOSTER, J.

Application for rehearing overruled.

ANDERSON, C. J., and GARDNER, BROWN, and KNIGHT, JJ., concur.

THOMAS and BOULDIN, JJ., dissent.

---

[1] 224 Ala. 514.