142 So. 574

## STANDARD ACC. INS. CO. v. DODD.
### 6 Div. 179.

Supreme Court of Alabama.
June 9, 1932.

Rehearing Denied June 23, 1932.

James & Stewart, of Cullman, for appellant.

St. John & St. John, of Cullman, and Eyster & Eyster, of Decatur, for appellees.

**GARDNER, J.**

The suit is by the appellee against appellant as surety on a road contractor's bond executed pursuant to statute. Gen. Acts 1927, p. 356, § 28. The contractor had sublet a portion of the road work to one Myrtle Boyd. The subcontractor owned and operated, in the progress of this work, a "tractor and steam shovel," which constitutes a single machine composed of many parts. While engaged in the work this machine became damaged and disabled, and its repair is referred to as a "hurry up job."

The shaft or axle, which was from six to eight feet long and about six inches in diameter, broke and had to be replaced. It cost $65. The old parts, such as sprockets and the like, were placed back on this new shaft and the tractor put in condition to proceed with the work. The oil pump also required attention, but labor was all that was necessary for its adjustment, no material being used therefor. The work was referred to as a "running repair * * * fixed while it is in action." Plaintiff did the work and furnished the material, working "night and day" a period of sixty hours, until the job was finished. The work and material amounted to a total of $188, all of which represented labor except the $65 for the shaft. The value of the machine was $16,000.

The original contractor, as a witness for defendant, testified that on "a value basis the shaft was just insignificant and small in comparison to the value of the entire equipment or machinery, but it was very essential to its operation." The same witness also stated that after the repair the machine was used in the work for only ten working days when the subcontractor abandoned the job and the machine was moved away.

Appellant insists the machine was a part of the subcontractor's equipment and its repair does not come within the protection of the bond, placing much reliance upon Union Indemnity Co. v. State, 218 Ala. 132, 118 So. 148; American Surety Co. v. Mitchell (Ala. Sup.) 140 So. 429;[1] Singer v. Anniston Hard-

---

[1] 224 Ala. 455.

ware Co., 222 Ala. 620, 133 So. 910; United States F. & G. Co. v. Andalusia Mfg. Co., 222 Ala. 637, 134 So. 18. The authorities, however, with the exception of the first above named, deal with the question of equipment and not a repair thereto, and are therefore not here of controlling importance.

In Union Indemnity Co. v. State, supra, it was pointed out that questions as to allowance for repairs on the contractor's equipment are attended with much difficulty dependent upon the facts in each particular case, and it was there held that "such extraordinary repairs," as there involved, for the purpose of which the equipment was shipped to another state, did not come within the protection of the bond.

In a later case (United States F. & G. Co. v. Benson Hardware Co., 222 Ala. 429, 132 So. 622, 627) many authorities were cited and reviewed. It was pointed out that bonds of this character did not cover material which constitutes a part of the permanent equipment of the contractor, nor major repairs thereon. The opinion proceeds: "But it does include such small and incidental repairs [on its permanent equipment] as result from ordinary wear and tear of the appliances used in performing the contract. * * * It is difficult to draw a formula which will conform to all the decisions of the various courts or their discussions on the subject. Our court has taken the position * * * that small tools are 'supplies' covered by the bond, though they may ordinarily outlast the work. Other courts have held that they are not. But we think that the term 'materials and supplies' should not include the major articles of what is commonly known as equipment ordinarily provided by the contractor with which he performs the contract, whether they are worn out on the project or not. They should be classified as 'material and supplies' on the one hand or 'equipment' on the other, according to their inherent nature, and not the circumstance that they do or do not outlast the job."

The cases of Clifton v. Norden, 178 Minn. 288, 226 N. W. 940, 67 A. L. R. 1227, and Western Material Co. v. Enke (S. D.) 228 N. W. 385, 388, contain interesting discussions upon the matter of discrimination between such major repairs to equipment not protected by the bond and small and incidental repairs which are so protected, and the opinion in each concedes that "it is difficult to the point of impossibility to draw any hard and fast line."

We indulge no discussion here further than to note the expression "small and incidental repairs" must necessarily have a relative meaning and bear relation to the value of the machinery so under repair. Illustrative is the instant case where a machine valued at $16,000 becomes disabled while in use and hasty repair becomes necessary that the work may proceed with proper speed, and by continuous labor for sixty hours the repair is effected and the work progresses. All of the old parts were used with the exception of a shaft or axle which had to be replaced at a cost of $65. There was no general overhauling, but only such work done and repairs made as to again place the machine in workable condition. All of which may properly be classed as work done in the performance and execution of the contract, and the fact that the replaced shaft or the machine may outlast the job is not the test of liability in cases of this character as pointed out in the case of United States F. & G. Co. v. Benson Hardware Company, supra. The total repair bill, including the shaft, was $188, and as compared to the value of this machine ($16,000), and considered in connection with all the facts here presented and without dispute, may well be said to come within the meaning of a small and incidental repair protected by the bond.

It appears that the subcontract was made in the name of Myrtle Boyd, though the verbal agreement had been with the husband, C. H. Boyd, both husband and wife being present at the time, but when reduced to writing was put in the name of the wife on account of outstanding obligations of the husband. It is without conflict, however, that the work was in charge of the husband, and it was under agreement with the husband that plaintiff did the work. In legal effect the contract was with the subcontractor, the wife, made by and through her authorized agent, the husband, and we see no obstacle in the way of plaintiff's recovery by reason of the situation above outlined.

The reasonableness and correctness of plaintiff's account are not questioned, and, as we are persuaded the undisputed proof entitled plaintiff to recover, it results as our conclusion that the court correctly gave the affirmative charge in his favor. The judgment is therefore due to be affirmed, and it is so ordered.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.