**CONSOLIDATED INDEMNITY & INS. CO. v. SOUTHERN G—F CO.**

3 Div. 42.

Supreme Court of Alabama.

Jan. 19, 1933.

Rehearing Denied March 9, 1933.

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

Goodwyn & Goodwyn, of Montgomery, Ritter, Wynn & Carmichael, of Birmingham, and Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

GARDNER, Justice.

This suit was instituted against S. R. Cook, the principal contractor for certain highway construction, and the Consolidated Indemnity and Insurance Company, surety on his bond. From a judgment in favor of the plaintiff and several interveners, the surety alone appeals.

But one question is presented, and that is whether or not, under the proof, the suit was begun "within sixty days after the complete performance of said contract, and of final settlement thereof." The initial suit was brought on January 5, 1932.

Plaintiff offered in evidence the final estimate as it had been filed for record in the office of the state auditor, which bears the stamp of the chief examiner of accounts, as having been by him examined and approved for payment on November 19, 1931, duly signed, and the signature of the Governor under the word "approved" which the proof shows was also on the same date. The warrant on the state treasurer, drawn on this day was also in evidence.

Appellant insists that the foregoing only establishes the date of payment, and that final payment and final settlement are two different things (New York Indemnity Co. v. Niven, 222 Ala. 562, 563, 133 So. 261), and that the approval of the state highway director as to the amount finally due, was the ap-

proval of the "proper governmental authority," to determine the matter of final settlement within the meaning of the "Highway Code." Following this line of reasoning it is insisted a final settlement was made some time previous to October 8, 1931, and, therefore, the suit was instituted beyond the statutory limit.

The brief refers to the several provisions in the contract having reference to the supervision and approval of the work by the highway director and his authority pertaining to the work, including the matter of final measurements as the basis for final payment.

We are not inclined to the view that anything in the contract is inconsistent with the construction of the statute as found in our decisions presently noted. But this aside, the argument overlooks the basic consideration, that the contract was made under the provisions of our statute, and the bond executed in conformity thereto. Gen. Acts 1927, pp. 348, 356, § 28. As said by this court in U. S. Fid. & Guar. Co. v. Yeilding Brothers Co. Department Stores (Ala. Sup.) 143 So. 176, 180:[1] "The final settlement does not depend upon the consent of the contractor. It does not require a settlement between the state and contractor of the amount in fact due the contractor. * * * But the record of the fact that the administrative officers have so far as the state is concerned determined the amount due, and the date of such determination, controls and fixes the right of claimants for labor, material, feedstuffs, and supplies to commence a suit." Our decisions have consistently construed the requirement of our statute that no suit on the bond shall be "commenced until after the complete performance of said contract and final settlement thereof" to mean after the date "when the amount due under the contract is determined by the appropriate administrative authorities." And our cases have now well established the rule that a suit instituted within sixty days from the date of approval by the examiner of accounts and the Governor of the final estimate of the highway department is brought in proper time. U. S. Fid. & Guar. Co. v. Andalusia Mfg. Co., 222 Ala. 637, 134 So. 18; Central of Georgia Ry. Co. v. U. S. Fid. & Guar. Co., 223 Ala. 458, 137 So. 36; Union Indemnity Co. v. Ricks, 224 Ala. 514, 140 So. 597.

A like argument, as now presented was urged in U. S. Fid. & Guar. Co. v. Yeilding Brothers, supra, to the effect that the approval of the Governor and examiner of accounts was not required to fix the amount due, and that, when the director of the highway department approves it, the amount is determined. The court answered by the statement that "the amount is not determined

[1] 225 Ala. 307.

until it is approved by such state officers as are necessary, under administrative regulations, to authorize the issuance of a warrant for it," followed by a discussion as to the functions of an examiner and the Governor in regard to such matter.

We consider the above noted authorities determinative of this appeal adversely to appellant.

There is some question presented that the certified copy of the final estimate was improperly admitted for the reason the state auditor, by whom it was so certified, was not the legal custodian, but on the contrary, such custodian was the highway commissioner. We are of the opinion this account and voucher, also in the nature of a receipt, was properly on file in the auditor's office, under subsection 12 of section 806, Code 1923, and that, as stated in the certificate, he was the legal custodian thereof. The objection is not well taken.

Like observation is applicable to the certified copy of the warrants by the state treasurer. Section 834, Code; Subsections 2 and 4, § 834, Code 1923.

We find no error in the record. Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

