184 So. 275

JOHN E. BALLENGER CONST. CO. v. JOE F. WALTERS CONST. CO.

4 Div. 31.

Supreme Court of Alabama.

June 16, 1938.

Rehearing Denied Oct. 6, 1938.

See, also, John E. Ballenger Const. Co. v. Joe F. Walters Const. Co., ante, p. 546, 184 So. 273.

Walters & Walters, of Troy, for petitioner.

**FOSTER, Justice.**

This is a certiorari to review the opinion of the Court of Appeals rendered on appeal from the circuit court in an action on a statutory road construction bond controlled by the Act approved August 23, 1927,—Acts 1927, page 348,—obligated to pay for all labor, material, feed-stuffs and supplies furnished in the performance of the work.

The Act requires that a suit on such bond shall be commenced, if at all, within sixty days after the complete performance of said contract and final settlement thereof. Gen.Acts 1927, p. 356, § 28. The time in which suit must be brought is not a statute of limitation, but is of the essence of the action, and the complaint must show that it is begun within that time. Consolidated Ind. & Ins. Co. v. Texas Co., 224 Ala. 349, 140 So. 566; U. S. F. & G. Co. v. Yeilding Bros. Co., Dept. Stores, 225 Ala. 307, 143 So. 176; Consolidated Ind. & Ins. Co. v. Southern G-F Co., 226 Ala. 214, 146 So. 383.

The opinion of the Court of Appeals now under review asserts that there is an entire absence of proof that this suit was begun within that period of time, and therefore properly holds that a judgment for plaintiff should not have been rendered.

We should also note that the complaint does not make such an allegation by express or implied averment. This defect was pointed out by ground 8 of the demurrer which was also addressed to the amended complaint, and was overruled. But this ruling is not assigned as error, and is not under review. But it is that to which the Court of Appeals was probably referring when it expressed doubt as to the sufficiency of count 1. There may be some reason which has not occurred to us why this demurrer should not have been sustained, but a reversal for that ruling is not proper, since it is not assigned as error.

When a complaint states a cause of action, but omits some matter which should have been stated pursuant to good pleading, and a demurrer is improperly overruled, plaintiff is entitled to a judgment notwithstanding such omitted averment, if his cause of action is proven, and sometimes such proof will cure the defect of pleading. Southern Ry. Co. v. Dickson, 211 Ala. 481, 100 So. 665. And defendant's method of review is by assigning as error the ruling on demurrer, not the rendition of judgment for plaintiff, nor a request for the affirmative charge.

[5, 6] But if the complaint fails to state a cause of action, as distinguished from a defect in pleading one, it will not support a judgment, and defendant may at any time, before or after judgment, or on appeal, show that such is the situation and cause the judgment, if then rendered, to be set aside or reversed. But not so if it states a cause of action, Section 7858, Code; National Surety Co. v. First National Bank, 225 Ala. 108, 142 So. 414; Alabama Power Co. v. Curry, 228 Ala. 444, 153 So. 634; Woodward Iron Co. v. Burges, 219 Ala. 136, 121 So. 399; 49 Corpus Juris 820, section 1216,—unless a demurrer was improperly overruled, and that ruling is assigned as error.

Whether the matter omitted in this case is of such an essential feature as that without it a judgment will not be supported, and whether its omission may be supplied by proof, so as to entitle plaintiff to a judgment, subject to the right of defendant to complain that its demurrer was improperly overruled, we need not here decide, because the Court of Appeals has declared that this proof was not made. If it was not alleged nor proven, and is of the essence of the cause of action, a judgment for plaintiff should be reversed, though the ruling on demurrer is not assigned. But whether one should be rendered for defendant and thereby foreclose further proceedings by plaintiff depends upon matters which may not be the same in all cases.

This case was tried by the judge without a jury. When so on appeal the court of review may upon reversal remand the cause or render a final judgment. Sections 6149, 8599, 9498, 9502, Code.

When the defect is as to a matter which may probably be supplied by averment and proof, and inadvertently or erroneously omitted, it is customary to remand to enable the allegation and proof to be made. Alger-Sullivan Lumber Co. v. Union Trust Co., 218 Ala. 448, 118 So. 760 (19); Elledge v. Hotchkiss, 222 Ala. 129,

130 So. 893; Childress v. Harrison, 47 Ala. 556.

In the case of Consolidated Ind. & Ins. Co. v. Texas Co., supra, there was a similar situation, and this Court reversed and rendered a judgment for defendant. Upon a reference to the original record in that case, we find that plaintiff was claiming certain facts as a waiver of that requirement, which were alleged in the complaint in lieu of the necessary averment. We also find that the agreed statement of facts showed that the suit was not filed in the required time. So that a remand of the cause would have served no useful purpose.

While in the instant case the opinion states that no such proof was made, it does not say that the proof showed that it was not filed in the time required by statute.

 We do not think that by refusing to assign the ruling on demurrer as an error, which on reversal would naturally remand the case for another trial, but by raising a point as here made which, when sustained, would authorize the court to render a final judgment on reversal, appellees should be cut off from the privilege of alleging and proving on another trial that his cause was begun in due time, if such be true.

In connection with the time element of the Act, we have several cases which define the meaning of the words: "the complete performance of said contract and final settlement thereof." Gen.Acts 1927, p. 356, § 28. Consolidated Ind. & Ins. Co. v. Southern G-F Co., supra; U. S. F. & G. Co. v. Yeilding Bros. Co. Dept. Stores, supra; Union Ind. Co. v. Ricks, 224 Ala. 514, 140 So. 597; Central of Georgia Ry. Co. v. U. S. F. & G. Co., 223 Ala. 458, 137 So. 36; U. S. F. & G. Co. v. Andalusia Mfg. Co., 222 Ala. 637, 134 So. 18.

But still it would serve no useful purpose to remand the case, if the proof shows that plaintiff in other respects has no cause of action.

 , Count 2 is not defective otherwise so far as any contention is made. But the amount of it is very small relatively. The chief contention is as to count 1. This count claims an amount due for rental of a certain Lorain shovel for the months of July, August, September, October and November 1934. The opinion recites that in support of this claim plaintiff offered testimony that the contractor rented it to "move all a certain described lot of sand clay top soil. It (plaintiff) admits that it was paid in full for all said sand clay top soil which it actually moved."

The theory on which the Court of Appeals acted is that the balance now sued for is virtually but damages which plaintiff claims by reason of a breach of the contract to move all the said sand and gravel and pay for it by the yardage. The contract may be what the opinion declares it to be and still in substance be that appellee rented the shovel to move a certain lot of soil, and that the compensation was to be measured by the yardage of the whole lot. In that event, the agreement would not be to move such part of it with this shovel as appellee chose and to pay only for the yards that it did move with the privilege of using another shovel for the balance. If he rented the shovel of plaintiff under such circumstances that, when properly interpreted, the compensation should be measured by the amount of soil in the lot to be moved, he could not avoid payment of such full amount so agreed on by using it only for a part, if it may be definitely shown what was the amount of yardage in the lot agreed on.

 It is plaintiff's contention that his contract is exactly that. If so, he should not be cut off from asserting it by rendering a final judgment for the failure to allege and prove that the suit was begun in due time and under the circumstances here shown.

 No one now contends that the rental of such appliances is not within the obligation of such a bond. U. S. F. & G. Co. v. Yeilding Bros. Co. Dept. Stores, supra (see page 316, 143 So. page 183 [31]); U. S. F. & G. Co. v. Armstrong & Bro., 225 Ala. 276, 142 So. 576 (7); Illinois Surety Co. v. John Davis Co., 244 U.S. 376, 37 S.Ct. 614, 61 L.Ed. 1206.

We therefore conclude that the judgment of the Court of Appeals should be modified so as to remand the cause to the Circuit Court instead of rendering one in favor of appellant.

Certiorari is awarded, and judgment of the Court of Appeals is reversed and annulled, with direction that the cause be remanded to the Circuit Court.

GARDNER, THOMAS, and KNIGHT, JJ., concur.

ANDERSON, C. J., and BOULDIN and BROWN, JJ., dissent.