## Nelson v. Holcomb, et al.

### Assumpsit.

(Decided June 4, 1914.　65 South. 773.)

1. *Payment; Application; Change.*—Where the mortgagee has applied the proceeds of the cotton seized and sold to the payment of the mortgage debt, the application of such payment could not be changed without mutual consent.

2. *Mortgages; Payment; What Constitutes.*—Where the mortgagee of chattels seized and sold two bales of cotton belonging to a surety, applied the proceeds to the satisfaction of the mortgage debt and delivered the surplus to such surety, the debt was discharged, and the mortgagee could not thereafter recover on the mortgage, notwithstanding the surety recovered a default judgment against him in an action for the conversion of the surety's property.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Assumpsit by C. A. Nelson against J. B. Holcomb, and others. Judgment for defendants and plaintiff appeals. Affirmed.

HOOD & MURPHREE, for appellant. The payment of the note certainly cannot be worked out of the facts in this case on any principle of abstract justice.—22 Cyc. 565-6.

RUSSELL & JOHNSON, and INZER & INZER, for appellee. Counsel discuss the errors assigned and insist that the property seized being covered by the mortgage was properly applied to the payment of the mortgage debt and cannot be changed.—*Strickland v. Hardie*, 82 Ala. 412; *City of Montgomery v. Hughes*, 65 Ala. 201.

McCLELLAN, J.—The action is on an instrument, executed on April 18, 1910, by Holcomb, principal, and Griffin, surety, and payable to T. A. Nelson (appellant), for $75. The purpose of the obligation was to secure a running account for advances to be made Holcomb for the crop year 1910. To secure its payment the instrument embraced provisions of mortgage on crops of cotton, corn and other produce to be raised that year. Both Holcomb and Griffin are sued. Aside from the general issue, *payment* was the defense asserted. The trial was by the court without jury, and resulted in finding and judgment for defendants.

It appears from Nelson's testimony that Nelson, in November, 1910, "seized two bales of cotton and 820 pounds of cotton seed of the crop of J. W. Griffin and sold them under the mortgage, and applied the proceeds of sale to the mortgage debt, and sent the balance, about $9, to J. W. Griffin." If sustained, this appropriation of Griffin's property completed the satisfaction of the debt of Holcomb to Nelson.

On May 16, 1911, Griffin instituted his action for damages against Nelson in the circuit court of Blount county, Ala., and, upon default by defendant (Nelson), judgment was rendered against him on December 11, 1911, with writ of inquiry executed to ascertain the damages to which plaintiff was entitled. The amount of damages so assessed was $176.

The complaint, which declared as for tortious conduct, contained counts for trespass to personalty (cotton and cotton seed so appropriated by Nelson being, presumably, that described in the complaint) and to realty.

The contention of the appellant, if we properly understand it, is this: That the judgment of November 11, 1911, operated to condemn as wrongful, tortious, Nel-

[Nelson v. Holcomb, et al.]

son's taking and appropriation of the cotton and cotton seed mentioned and, in consequence, destroyed the discharging effect of the application of the proceeds of the sale thereof to the satisfaction of the account of Holcomb.

The taking and sale, by Nelson, of the cotton and cotton seed, under, as he asserted, the authority and power contained in the mortgage, necessarily devoted the proceeds thereof to the satisfaction of the account—the basis of the mortgage debt; no agreement or consent by Griffin to the contrary being shown.—*Strickland v. Hardie,* 82 Ala. 412, 3 South. 40.   In addition to that effect of the law's direction, the creditor, in November, 1910, gave *the account credit* for the proceeds of such sale under the mortgage and sent Griffin the balance, viz., $9.   That application of the fund so derived from a particular source could not be changed without mutual consent, which is not shown to have been given.—30 Cyc. p. 1239.   The effect of the application, credit, of the proceeds operated to discharge the balance of the account—the asserted mortgage debt.   The plea of payment was therefore sustained.   We are unable to understand how the subsequently rendered judgment of the Blount circuit court could have any effect to alter the status thus established.   Had Nelson appeared in that court and appropriately asserted and vindicated the liability of the cotton and cotton seed to his appropriation under the instrument, a very different situation would have been presented.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE, and DE GRAFFENRIED, JJ., concur.