**BROWN et al. v. SCHEUER, WISE & CO. et al. (4 Div. 43.)**

(Supreme Court of Alabama. June 21, 1923.)

**1. Evidence ⬤➾417(9)—Parol evidence inadmissible to vary terms of written contract.**

Parol evidence is inadmissible in action ex contractu, where no fraud is charged, to vary the terms of the written instrument by adding a term not expressed therein.

**2. Evidence ⬤➾469—Parol evidence of agreement to apply first payments to portion of debt secured by mortgage held admissible in action to cancel mortgage.**

In an action to cancel a mortgage, where complainants alleged that, their sons being indebted to the mortgagees to the extent of $6,000, the mortgagors had given the mortgage involved to secure $2,000 of such debt, and that sufficient payments had been made to satisfy the mortgage, held, that parol evidence of a collateral agreement to apply the payments made first to the mortgage was admissible.

**3. Payment ⬤➾38(1), 39(1), 41(2)—Rules governing application of payments to indebtedness stated.**

Debtor may direct application of voluntary payment; in absence of direction, creditor may apply; or, if application made by law, the one most beneficial to the creditor will be adopted.

**4. Payment ⬤➾39(6)—Fact that debt is partly secured does not prevent creditor from applying payment to unsecured portion.**

The mere fact that a part of an indebtedness is secured will not prevent the creditor from applying a payment on the unsecured portion.

**5. Payment ⬤➾47(1)—Mortgagee held bound to apply payments in accordance with parol agreement.**

Where, in order to secure a portion of indebtedness of $6,000 incurred by their sons, parents gave a mortgage for $2,000, with the agreement that payments by the sons first made should be applied to the satisfaction of the mortgage, which agreement was known to the mortgagees, held, that the mortgagees should not be permitted, even with the consent of the principal debtors, to apply payments otherwise than as agreed.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Bill by B. B. Brown and T. A. Brown against Scheuer, Wise & Co., and others, for cancellation of a mortgage, etc. From a decree sustaining demurrers to the bill, complainants appeal. Reversed and remanded.

Sollie & Sollie, of Ozark, for appellants.

A debtor is not bound to pay until his debt matures, and a binding promise to pay earlier, if executed, is sufficient consideration to support a contract. 6 R. C. L. 656; Branch Bank v. James, 9 Ala. 949; Dicker-

son v. Ripley County, 6 Ind. 128, 63 Am. Dec. 373; Lime Rock Bank v. Mallett, 34 Me. 547, 56 Am. Dec. 673. Evidence of the agreement to apply payments to the mortgage debt was admissible. McCullough v. Walton, 11 Ala. 492; Brown v. Isbell, 11 Ala. 1009; Vandegrift v. Abbott, 75 Ala. 487; Powell v. Thompson, 80 Ala. 51; Murphy v. Farley, 124 Ala. 279, 27 South. 442; Thompson F. & M. Co. v. Glass, 136 Ala. 648, 33 South. 811; Fambrough v. Townson, 204 Ala. 251, 85 South. 476.

W. H. Merrill, of Eufaula, and Geo. W. Peach, of Clayton, for appellees.

A contemporaneous parol agreement is not admissible in evidence to show the intention of the parties was other than that clearly expressed in the writing signed by them and evidencing their agreement. Stallings v. Savage, 206 Ala. 486, 90 South. 904; Formby v. Williams, 203 Ala. 14, 81 South. 682; Page on Contracts, § 1192.

SAYRE, J. It was averred in substance in appellants' bill that their sons, M. L. and J. C. Brown, became indebted to Scheuer, Wise & Co. and others in the sum of $6,000; that at the same time complainants executed a mortgage on real estate to secure $2,000 of the indebtedness due from their sons to Scheuer, Wise & Co., so for convenience to refer to the creditors as a whole; and that at the time it was agreed between complainants, their sons, and Scheuer, Wise & Co. that their sons would make what payments they could from time to time without waiting for the due date of their $6,000 indebtedness, and that such payments were to be first applied in discharge of the mortgage indebtedness of complainants. Complainants averred that payments by their sons had been made, sufficient, if applied according to agreement, to discharge the mortgage executed by them, of which they prayed to be relieved, or, if mistaken as to the amount of such payments, then that said mortgage be credited with the amount so paid.

Nothing of the alleged agreement as to the application of payments to be made appeared in the mortgage, and the demurrer to the bill was sustained upon the theory, evidently, that complainants should not be permitted to prove an agreement which had been merged into the mortgage contract.

[1, 2] Numberless cases might be cited to the general effect that, while a contract may be explained consistently with its terms, parol evidence of a term not shown by the writing is not admissible in actions ex contractu, where no fraud is charged, because its effect would be to vary the terms of the written instrument by superadding another term or condition not expressed by the parties. Bush v. Bradford, 15 Ala. 317; Tabor v. Peters, 74 Ala. 90, 49 Am. Rep. 804; Griel v. Lomax, 86

Ala. 137, 5 South. 325. In the recent case of Bissell Motor Co. v. Johnson (Ala. Sup.) 97 South. 49,[1] we referred to the work of Prof. Williston on Contracts, vol. 2, §§ 631-638, as authority for the proposition that, when the court sees that a separate collateral agreement was probably intended by the parties, evidence of it is admitted, but that such collateral agreement must relate to a subject distinct from that to which the written contract applies. The mortgage exhibited with the bill evidenced a conveyance of realty with defeasance upon the payment of the debt therein described. The alleged agreement as to the application or appropriation of payments to be made was collateral to the mortgage contract but related to a subject distinct therefrom. To the mortgage contract complainants and defendants Scheuer, Wise & Co. were the parties; to the contract sought to be enforced in this cause, the contract touching the appropriation of payments to be made, the sons of complainants were additional parties. We incline to the opinion that the rule of evidence referred to would not stand in the way of proof of the agreement alleged, and that equity will enforce it when proved.

[3-5] Another view: The mortgage from complainants to Scheuer, Wise & Co. cannot suffice to exclude evidence of a collateral agreement between complainants and their sons. The general rule is that the debtor may direct the application of his voluntary payment, and that, in the absence of direction by the debtor, the creditor may make the application. Petty v. Dill, 53 Ala. 645. We see no reason why, in the absence of an agreement to a different effect, this rule should not operate as between debtor and creditor in the case of a contract such as is here averred. It must be conceded, too, that, if no application is made by either party, the law will apply a payment in the manner most beneficial to the creditor. McCurdy v. Middleton, 82 Ala. 131, 2 South. 721. The mere fact, therefore, that there is a surety for one of the debts, or—adapting the statement to the peculiar facts of this case—for a part of the debt, will not preclude the creditor from applying a payment to the debt for which he has no security. Harding v. Tifft, 75 N. Y. 464. But on the facts averred there is, as between complainants and their sons, for whom they are sureties to the extent of $2,000, a clear equity that payments first made upon the debt due from the sons to defendants shall be applied in discharge and satisfaction of the mortgage. Defendants Scheuer, Wise & Co. had knowledge of this equity in favor of the sureties—an equity based on the contract relations between complainants and their sons and affecting the considerations on which complainants bound themselves to pay a part of the debt due from their sons to Scheuer, Wise & Co.—and in our opinion if the averments of the bill be sustained by the proof, Scheuer, Wise & Co. should not be permitted, even with the consent of their principal debtors, to misapply payments made by them. Harding v. Tifft, supra.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.