(133 So. 731)

**UNITED STATES FIDELITY & GUARANTY CO. v. SIMMONS et al.**

3 Div. 931.

Supreme Court of Alabama.

March 19, 1931.

Rehearing Denied April 23, 1931.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellant.

Leon G. Brooks, Leigh & Leigh, Ed Leigh McMillan, and A. H. Elliott, all of Brewton, and Marcus J. Fletcher, of Andalusia, for appellees.

**670**

GARDNER, J.

Gillis Construction Company executed a contract with the state for certain highway construction work between Brewton and Andalusia, Ala., known as state project S–90. The appellant became surety on the bond for the faithful performance of this contract, which bond was in statutory form. The original plaintiffs, Currie Simmons, W. W. McFadden and Casbia Avant, instituted this suit, within proper time, to recover on the bond the sums due them respectively for labor and supplies to said construction company on this particular project, for which they had not received payment.

The original complaint is to be construed as a whole, and given a reasonable and common-sense construction, rather than one strained and unreasonable. So construed, it is not subject to the objection urged, even if sufficiently presented by the assignment of demurrer, which we seriously question. The criticism we think is hypercritical, and this assignment of error is not well taken, and needs no further comment.

■ The objection to the allowance of the claims of Simmons and McFadden rests upon the insistence this evidence is too indefinite as to the amount due and work done. This work was done for Bowden, a subcontractor, and that it was on this project is not controverted. True, these parties kept no books of account, but we are of the opinion, upon a careful review of this evidence, that the trial court was justified in approving these claims for the amounts these parties insisted were due them respectively. Moreover, these parties each testified, without objection what in substance was an acknowledgment of the correctness of their claims by a member of the firm of Gillis Construction Company, admissible and relevant testimony under certain limitations, as pointed out in the recent case of United States Fidelity, etc., Co. v. Benson Hardware Co., ante, p. 429, 132 So. 622 (present term).

■ The remaining assignments of error arise over questions presented as to claims of interveners in the original suit; the first argued in brief being that of Penton-Mathis Construction Company for the sum of $7,897.45. The objection to this claim rests solely upon the contention that the petition for intervention was not presented within sixty days after the complete performance of the contract and final settlement thereof. This question was determined adversely to appellant in the Benson Hardware Company Case, supra, and needs no further consideration here. Under that authority all objections to claims of interveners based upon such insistence are not well taken, and, where no other point is made as to the allowance of the claim, no necessity arises for consideration thereof in this opinion.

■ The objection to the Garrett Mercantile Company is upon the theory that the groceries furnished the subcontractors were shown to be advances "ahead of earnings," and that the evidence is insufficient to show the same "were taken up" by work performed. The evidence, however, shows these groceries were supplied Stowers and Sport, subcontractors, and used by them in the feeding of laborers working on this project, and that in the prosecution of the work it was necessary to have a camp, which was several miles in the country, and to feed the employees. Board was charged, and they paid the board in work, and no profit made therefrom. The men were paid so much a day, from which was deducted board at the rate of $5 per week. The testimony brings the case well within the rule of the Benson Hardware Company Case, supra. This authority also holds that whether the subcontractor performed his contract in full or whether the original contractor was due them anything is immaterial, the case for the intervenor being otherwise established.

■ Objection is made to the W. H. Scott claim because the original contractor had executed notes. But the evidence is without dispute the consideration for the notes consisted of supplies furnished the contractor, as to the merits of which no question is made. The amount claimed on the notes is the same amount due by account and no more. The mere fact that notes were executed for the intervener's accommodation does not destroy the effectiveness of his claim.

The court allowed the claim of the Consolidated Trading Company in the amount of $828.46, with interest. It is insisted that the witness Watson, in his testimony on cross-examination, stated that $300 for cigarettes and tobacco tax should be deducted. This witness had testified to the amount due as above indicated, and a reading of his entire evidence is persuasive that the statement insisted upon was inadvertently made, and that the witness intended to say the said amount was to be deducted from the whole sum. The trial court evidently so understood this witness' testimony (heard orally before the court), and we conclude the court was justified in the finding.

■ That the items of this account were proper charges and went into project S–90 appears to be established without controversy. Watson's evidence upon direct examination was sufficient to make out a prima facie case of liability for the sum claimed. The burden therefore rested upon defendant to offer proof to overcome this prima facie case. United States Fid. & Guar. Co. v. Benson Hardware Co., supra.

Upon cross-examination of Watson, it was made to appear that, at the time these supplies were being furnished to the Gillis Construction Company, the contractor, said company was also engaged in another project S–189, and that supplies went also to this project. But the evidence further shows, in this connection, that the accounts were separated in such manner as to designate the project for which the particular supplies were sold. Payments were made from time to time by the Gillis Construction Company and merely a general credit given. There was no direction as to the application of the payment, and at the time no particular application made. There is nothing to indicate that any payment came from any particular source, that is, from funds for project S–90 or S–189. At some subsequent time intervener made application of payments to the extinguishment first of S–189, and the remainder applied to the S–90 account.

Appellant insists that payment once lawfully made cannot be changed without mutual consent of the parties. Redd v. Todd, 209 Ala. 56, 95 So. 276; Nelson v. Holcomb, 187 Ala. 119, 65 So. 773.

■■ As previously noted, the witness testified that he kept each order of supplies separate for the respective projects, and "did not * * * have one running account for supplies." Under such circumstances the mere general credit of payment did not serve as an application of payment to any particular account. 48 Corpus Juris, 654; Pond v. O'Connor, 70 Minn. 266, 73 N. W. 159, 248. Disregarding, therefore, the application subsequently made, the matter would be left to be determined upon well-known legal principles, and the payment applied in the manner most beneficial to the creditor. Brown v. Scheuer, Wise & Co., 210 Ala. 47, 97 So. 50.

■■ There is proof tending to show that project S–189 was the older account, and, in the absence of any proof showing application, the law applies the same to the older items of the account. 48 Corpus Juris, 657; Compton v. Collins, 197 Ala. 642, 73 So. 334. Nor is there proof that the payments made came from any particular source, and for aught appearing every payment credited to project S–189 may have been derived from funds secured for that particular project. The burden of proof was upon the defendant. United States Fid. & Guar. Co. v. Benson Hardware Co., supra; Pearce v. Walker, 103 Ala. 250, 15 So. 568.

We conclude, therefore, that the prima facie case made out by the Consolidated Trading Company has not been overcome and the claim in its entirety properly allowed.

■ The testimony of the account of Luttrell Hardware Company discloses supplies furnished the contractor for project S–90, consisting of various items, nails, wire, cement, shovels, axes, saw tools, wheelbarrows, bolts, wrenches, and the like, and some roofing for camphouses. It is insisted that the materials furnished went into construction of camphouses, and should not be allowed. The materials supplied, as shown by this account, and which went to this particular project, were prima facie proper charges against the bond. U. S. Fid. & Guar. Co. v. Benson Hdwe. Co., supra; State v. So. Surety Co., 221 Ala. 113, 127 So. 805; Union Indemnity Co. v. State, 218 Ala. 132, 118 So. 148.

■ The burden was upon defendant to defeat the same in whole or in part. The argument is that some of this material was used in constructing camphouses, but what portion and the amount thereof is left entirely to speculation. Moreover, the proof in this record tends to show that the establishment of camps (in the main abandoned upon completion of the project) was necessary to the progress of the work on this project and the camphouses of more or less temporary character. They could not be said to form any part of the permanent equipment. Under such circumstances, even conceding the materials furnished were so used, we think they nevertheless constitute a proper charge. Union Indemnity v. State, 217 Ala. 35, 114 So. 415; U. S. Fid. & Guar. Co. v. Benson Hdwe. Co., supra; Union Indemnity Co. v. Handley, 220 Ala. 292, 124 So. 876.

The Texas Company's claim was properly allowed. While this company also furnished gas for project S–189, witness Gillis testified they paid for that gas, and that the amount of this account was furnished on S–90. The agent likewise testified that this amount went to this particular project. Herbert Gillis, of the firm of Gillis Construction Company, testified to the grading work done on this project by Claude Sims, and fully justifies the finding in favor of this claim.

Casbia Avant had his individual truck and did hauling for the subcontractor on this project, and testifies to the balance due him as found by the court. The finding was justified by the proof.

Nor do we consider that the claim of H. C. Tison needs discussion further than to state his proof warranted the judgment in his favor.

The argument of appellant that it was necessary that plaintiffs offer in evidence the plans and specifications forming a part of the contract is sufficiently answered by the opinion in the Benson Hardware Company Case, supra, and needs no further comment here.

Like observations are applicable to assignments of error 18, 19, 21, 22, 27, and 28, relating to admissions by the contractor as to the correctness of the amounts claimed, where that question is fully considered and discussed. Moreover, we do not find that any claim here contested in fact rested upon any such admission, and we recall no evidence in denial of the same.

The few remaining assignments of error present nothing calling for further discussion.

We have carefully reviewed the objections to the several claims as presented in the assignments of error and argued in brief for appellant, and find no error to reverse as to any of the claims.

Many of the essential principles of law governing cases of this character were well and clearly stated by Mr. Justice Foster in the Benson Hardware Company Case, heretofore noted, and further discussion here is deemed unnecessary, though much of the argument on this appeal (pending when the Benson Hardware Company Case was decided) relates to questions there determined.

The conclusion is that the judgment in its entirety and as to each claim should be affirmed as therein found and determined. Such is the order.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.