(136 So. 863)

## BENSON HARDWARE CO. et al. v. TAYLOR et al.

### 4 Div. 734.

Court of Appeals of Alabama.
Oct. 6, 1931.

A. R. Powell, of Andalusia, for appellants.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellees.

SAMFORD, J.

Appellee R. S. Taylor entered into a contract with the state highway commission dated October 13, 1927, for the construction of a project running from Andalusia south about eighteen miles in length. On the same date that the contract was entered into for the construction of this highway, which was known as S–192, the contractor, as principal, and the United States Fidelity & Guaranty Company, as surety, entered into a bond payable to the state in the penal sum of $106,-624.94 conditioned as required by law. Among other things, the bond expressly provided that the principal and surety agreed that the said contractor should promptly make payment to all persons supplying him with labor, material, feedstuffs, or supplies in the execution of the work provided for in such contract as provided for by act of the Legislature approved August 23, 1927, and designated as the "Alabama Highway Code."

During the months of February, March, and May, 1928, one J. H. Stone hauled hands for the contractor to a camp down on the road. This hauling amounted to $190.35 and was approved by Mrs. R. S. Taylor, the wife of the contractor, and the contractor himself agreed to pay it. During the same period of time said J. H. Stone sold gasoline and oil to the said contractor, the same having been delivered to E. F. Fulgham, who was in the general charge of the work at the time of such delivery and was for the trucks of the said contractor. This claim for gasoline and oil amounted to $102.70 and was evidenced by a duebill signed by E. F. Fulgham. The said J. H. Stone transferred and assigned both of said claims to appellants by written assignment dated June 1, 1929. On April 12, 1929, the contractor made a final settlement with the state. On April 22, 1929, Benson Hardware Company, a creditor, requested of the state highway department a certified copy of the bond with the contractor. A certified copy was furnished in response to the request and was introduced in evidence. On April 25, 1929, the said Benson Hardware Company filed suit on its claim against the said contractor and the said surety on his bond. Thereupon the court made an order to the effect that all creditors of the said contractor who had claims for labor, material, feedstuffs, or supplies furnished to the contractor in the execution of the work of the project might intervene within sixty days

from April 25, 1929, by filing a sworn petition setting forth the amount of the claim and the date or dates when the same was contracted and the character of the labor, feedstuffs, materials, or supplies so furnished. It was ordered further that the clerk give personal notice of the pendency of the suit to all known creditors informing them of their right to intervene and also that notice be given by publication in a newspaper, which notice was given. On May 10, 1929, appellants filed their petition verified by affidavit and intervened in the case in accordance with the said order of the court. On January 13, 1930, the case was tried by the court without a jury and a judgment rendered disallowing the claim of appellants and dismissing their petition out of court and taxing them with the costs which accrued at their instance, to which appellants reserved an exception. On June 21, 1930, appellants took an appeal.

The facts above set forth, as disclosed by the record, appear not to have been in dispute. The only witness in the case as to the fact of performing the work for the contractor and the sale of the gasoline and oil was the party who did the work and furnished the material and made the assignment to appellant. Just what the theory was on which the court disallowed the claim does not appear from the record.

No brief having come to the hands of the court, the above and foregoing statement of the case appearing in appellants' brief will be taken to be accurate and sufficient for decision. Supreme Court Rule 10.

The major questions involved in this appeal have been decided in U. S. F. & G. Co. v. Benson Hdw. Co., 222 Ala. 429, 132 So. 622, and U. S. F. & G. Co. v. Simmons et al., 222 Ala. 669, 133 So. 731.

It remains for us to decide but two questions: (1) Are the articles furnished by Stone, to wit, transportation of laborers to and from work and gasoline and oil furnished for the operation of trucks and machines used on the project, within the terms of the bond? (2) Does the evidence disclose that they were so furnished?

The first proposition is decided adversely to appellee in U. S. F. & G. Co. v. Benson, 222 Ala. 429, 132 So. 622, headnotes 30 and 33.

The facts and inferences are sufficient to show, especially as there is no dispute about them, that the account of Stone duly transferred to these plaintiffs is correct and that it was for transportation furnished the contractor in transporting laborers to and from the project and that the gasoline and oil furnished by Stone was used in the operation of machines used on the work.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.