2 So.2d 440

### MAYNOR v. DILLIN.
#### 6 Div. 749.

Supreme Court of Alabama.
March 27, 1941.

Rehearing Denied June 5, 1941.

Geo. H. Burson and J. H. Dinning, both of Birmingham, for appellee.

Richard Hail Brown and Reuben Bell, both of Birmingham, for appellant.

BOULDIN, Justice.

Action on promissory note by payee against indorser before delivery.

The pleadings are numerous; thirty-three pleas, demurrers thereto; fourteen replications to pleas and demurrers thereto. Many assignments of error are addressed to the rulings on the pleadings.

The issues were sufficiently presented under pleas and replications to which demurrers were overruled. It seems some replications were filed and sustained against demurrer, which replications were addressed to pleas to which demurrers had

been sustained. In such case, the demurrer to the plea is treated as waived, and the issue presented by the plea and replication is in the case. The cause was tried by the court, without a jury, and evidence was fully presented on the matters in controversy.

We deal with the several issues on the merits.

■ The note was given for a pre-existing indebtedness. The maker, John W. Maynor, owed the payee a note of $3,500. The principal had been paid down to $3,000. The note in suit was given by John W. Maynor, as maker, for $3,000, and was, before delivery, indorsed on the back by his son, W. W. Maynor, this defendant.

The more difficult questions in the case grow out of the form of the note; which is quite accurately reproduced, both face and back, in the record.

A printed form of note payable at a specified bank was used. It was filled out by the maker.

Below the date line, the instrument begins: *"On demand after date, 1931, I* promise to pay to the order of *Harry E. Dillin Three Thousand & no/100* Dollars." The italicized words are in ink. Then follows several printed lines, not material here. At bottom, and to left of the signature of the maker, is written in ink, "Payable $100.00 per month until paid."

On back, and just above the indorsement of W. W. Maynor, this defendant, is written in ink "Payable $100.00 per month." The evidence is without dispute that both these latter entries were made at the time of the execution of the document, are in the handwriting of the maker, and were on the document when indorsed by defendant.

Appellant insists, 1st, that the document is void for uncertainty, because self-contradictory. 2nd, if not void, the note was payable on demand, and the statute of limitations of six years ran from its date.

The plaintiff, in explanation of this patent ambiguity in the document, testified on cross-examination: "This note was payable $100.00 a month; on demand, it was payable on the day of the next month after it was made out. He told me he would pay me $100.00 per month. It says on the top of it that it is payable 'On Demand, after date.' If I wanted to turn the note in against him I could turn it in

on demand and get the money; that was the agreement. In other words, I had the right to call the whole note in for payment at any time." Redirect Examination: " 'I never did demand the whole amount from Mr. John W. Maynor. My agreement to take $100.00 per month was never changed.' " Recross-Examination: " 'I mean by that I never did exercise my right to demand the whole note. I never did ask him for the whole note.' "

This evidence discloses an absolute obligation to pay $100 per month, with an option in the payee to accelerate payment of the whole on notice and demand therefor. All the terms of the note are thus given a field of operation. The indorsement, declaring the obligation of the indorser, calls for payment of $100 per month. "On demand" is thus given a conventional meaning, we may say the natural meaning to a layman.

■ The legal or technical meaning of "payable on demand" has long been held to be payable at once, and the statute of limitations begins to run from date, although no demand in fact be made.

Such rule has been questioned as illogical, or at variance with the natural import of the words "on demand." Mobile Savings Bank v. McDonnell, 83 Ala. 595, 601, 4 So. 346; Esslinger v. Spragins, 236 Ala. 508, 183 So. 401.

■ No question is here presented as to the admissibility of this explanatory evidence. Whether such ambiguity destroys the negotiability of the note is unimportant. The indorser is an original party to the instrument. The indebtedness, the consideration for the note, is the consideration for the indorsement. Falkner v. Protective Life Ins. Co., 228 Ala. 57, 152 So. 34; Code, § 9090, Code 1940, Tit. 39, § 66.

■ Since the option to accelerate payment was never exercised, the statute of limitations did not begin to run at the date of the note, nor at any later date, other than default on payment of instalments. The statute began to run as to each instalment, a distinct cause of action, at the date of maturity thereof. The defense of alteration of the note after delivery to the payee was not made out.

■ It appears this note was given for balance on the principal of the indebtedness, evidenced by previous note, which was surrendered.

At the time this note was accepted, the payee called the maker's attention to the fact that $105 accrued interest on the debt was outstanding. Whereupon, the maker suggested the entry of a memorandum of same on the back of this note. Whereupon was written on back: "105.00 Int. on 3500.00 note—Nov. 16th 1931."

This entry below and after the indorsement by defendant does not purport to make this additional sum a part of the indebtedness secured by this note. So far as appears, it was never claimed to enlarge the sum payable on the face of the note.

■■■ The evidence does not sustain the defense based on a discharge of the indorser by a binding agreement extending the time of payment to the maker. The arrangement by which the payee could and did purchase goods from the store of the maker, to be paid by entering credit therefor on this note, followed by entering such credits from time to time in no way bound the payee not to sue for the full amount of unpaid instalments as they matured. The evidence was not sufficient to toll the statute of limitations by partial payments made by this defendant. The part payment must be made by the party sought to be charged. Code, § 8964, Code 1940, Tit. 7, § 40; Royston v. May, 71 Ala. 398.

■■■ Without going into details, it does not sufficiently appear that this indorser directed or authorized a credit entered on the note for a demand due to him from the payee, or a demand in which the indorser had a substantial interest. Consent to apply an asset of the estate of his father, the maker, would not suffice.

It does not follow that the statute of limitations barred the whole of this debt, nor barred such instalments thereof as to reduce the debt below the amount of the judgment rendered.

■■■ The law, in the absence of directions, applied partial payments made by the maker, to first maturing instalments. Brown v. Larry, 153 Ala. 452, 44 So. 841; Watson v. Appleton, 183 Ala. 514, 62 So. 765; Brown v. Scheuer, Wise & Co., 210 Ala. 47, 97 So. 50; Conner v. Armstrong, 91 Ala. 265, 9 So. 816.

■■■ The note was given November 18, 1931; suit was brought September 16, 1939. Eight monthly instalments of $100 each matured within the six year period before suit brought. These instalments, with interest thereon to the date of judgment, May 20, 1940, plus a reasonable attorney's fee, equal the amount of the judgment, $1,214.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.