14 So.2d 361

### SHERRILL v. FEDERAL LAND BANK OF NEW ORLEANS, LA., et al.

8 Div. 226.

Supreme Court of Alabama.

June 24, 1943.

Wm. L. Chenault, of Russellville, for appellant.

Perdue & Miller, of Moulton, and H. D. Finlay, Jr., of New Orleans, La., for appellees.

GARDNER, Chief Justice.

The appeal is from the decree rendered March 3, 1943, sustaining the demurrer to complainant's bill as last amended, which appears to be filed in a double aspect. First, complainant seeks the cancellation of a mortgage executed to the defendant Federal Land Bank by his mother, Ada O. Sherrill, and his father, John W. Sherrill, in June 1922. The mother died in February, 1923, and the father in November, 1940. The land embraced in this mortgage is alleged to have been the property of complainant's mother, Ada O. Sherrill, and that she executed the mortgage only in the capacity as surety for her husband's debt. The principal contention on this appeal is that as this mortgage is void in violation of the statute which prohibits a married woman from becoming security for her husband's debt (Section 74, Title 34, Code of 1940), the complainant, as an only heir of his mother, has the right to have the mortgage cancelled as a cloud upon his title.

The second theory is in the alternative: that if the mortgage is held to be valid, the foreclosure by the mortgagee Federal Land Bank on July 19, 1939, was unauthorized because of misapplication of payment of the proceeds of timber sold from the land by the father in the year 1928, amounting to $211.75, and a disaffirmance of the foreclosure sale is sought, with the right to pay off the mortgage indebtness and redeem.

Concerning the first theory, it is conceded that complainant, as an heir of his mother, stands in privity with her and succeeds to her right to have the mortgage vacated if executed in violation of the statute. Evans v. Faircloth-Byrd Mercantile Co., 165 Ala. 176, 51 So. 785, 21 Ann. Cas. 1164; Durr Drug Co. v. Acree, 239 Ala. 194, 194 So. 544. In this con-

nection much argument is indulged upon the question of laches, and we are cited to a number of authorities, among them: Lewis v. Belk, 219 Ala. 343, 122 So. 413; Teal v. Mixon, 233 Ala. 23, 169 So. 477; Wilkerson v. Wilkerson, 230 Ala. 567, 161 So. 820; Woodstock Iron Co. v. Fullenwider, 87 Ala. 584, 6 So. 197, 13 Am.St. Rep. 73; Norwood v. American Trust & Savings Bank, 216 Ala. 602, 114 So. 220; Staples v. Barret, 214 Ala. 680, 108 So. 742, 46 A.L.R. 1084; Herren v. Beck, 231 Ala. 328, 164 So. 904; Robinson v. Pierce, 118 Ala. 273, 24 So. 984, 45 L.R.A. 66, 72 Am. St.Rep. 160. We may add that the bill nowhere discloses when complainant reached his majority.

But as the case now appears, we do not reach consideration of that question of laches. The bill is wholly silent upon the question of possession, and construing the bill most strongly against the pleader, as the rule requires, it must be interpreted as disclosing complainant out of possession. So considered, his remedy at law is adequate and complete. If the contention of complainant be accepted, the mortgage of his mother was void though it sufficed after her death to carry the life estate of his father until his death in 1940. Upon the falling in of the life estate on the death of the father, complainant had an adequate remedy at law to sue in ejectment for the property. People's Bank v. Barrett, 219 Ala. 258, 121 So. 910; Russell v. Peavy, 131 Ala. 563, 32 So. 492; Smith v. Roney, 182 Ala. 540, 62 So. 753. As has been often observed, inadequacy of a remedy at law is the foundation stone upon which equity jurisdiction rests. DeSoto Falls Development Co. v. Libby, 231 Ala. 507, 165 So. 763. Construing the bill, therefore, as disclosing complainant out of possession, his remedy at law was adequate, and the bill without equity as to this aspect.

Considering the alternative theory of the bill, it is to be noted that the original bill in this cause was filed to disaffirm the foreclosure sale more than two years after the foreclosure. In the absence of unusual circumstances, the right to disaffirm a mortgage foreclosure sale is barred by the lapse of two years from the date of sale. Alexander v. Hill, 88 Ala. 487, 7 So. 238, 16 Am.St.Rep. 55; Canty v. Bixler, 185 Ala. 109, 64 So. 583; First National Bank of Opp v. Wise, 241 Ala. 481, 3 So.2d 68; Harry J. Frahn Co. v. National Realty Management Co., 236 Ala. 681, 185 So. 162. The bill as last amended makes no attempt to show an "extraordinary case" so as to exempt complainant from the general rule above stated.

But passing beyond this question, it would appear this aspect of the bill was subject to demurrer upon its failure to specifically show an irregular foreclosure. The entire reliance of the complainant to sustain this theory is upon the alleged improper credit of the proceeds of timber from the land paid by his father in 1928 to the mortgagee, Federal Land Bank. It is charged that this credit was placed on the last item due on the mortgage instead of on the first. The mortgage itself is not made an exhibit, and for aught appearing, it contained provisions justifying the application of payments by the mortgagee as it might deem proper, and to its best interests, with particular reference to any proceeds of the corpus of the estate as was here involved. There is nothing in the bill indicating any direction by the debtor for the application of this payment. The authorities sustain the view that, in the absence of such direction, payment may be applied by the creditor in the manner most beneficial to him. United States Fidelity & Guaranty Co. v. Simmons, 222 Ala. 669, 133 So. 731; 48 Corpus Juris 654; and an application once lawfully made is conclusive. Nelson v. Holcomb, 187 Ala. 119, 65 So. 773; Pearce v. Walker, 103 Ala. 250, 15 So. 568; Redd Bros. v. Todd, 209 Ala. 56, 95 So. 276.

Still another principle appears applicable. This payment was made in 1928, and the foreclosure proceeding was not begun until 1939. So far as appears from the averments of this bill, the mortgagors were aware during all these years of the credit given by the mortgagee, and continued to deal with the mortgagee without questioning its application. Under such circumstances, the debtor is estopped from questioning the application of the payment. 48 Corpus Juris 654.

The point is also made that the individual members of the law firm of Perdue & Miller are improper parties to this suit. We think this point well taken. The general rule is that persons who act solely as agents in the transaction out of which the litigation arises should not be made parties when no relief is asked against

them, except in cases where they are charged with fraud; and this rule is fully applicable to attorneys at law. 21 Corpus Juris 267; 30 C.J.S., Equity, § 135. Of course, there is no hint of fraud, and the members of this firm were merely acting as attorneys for the defendant bank in the foreclosure proceedings, which had been concluded. They are improperly joined as parties defendant.

What has been said suffices to show that the decree of the court below is correct and should be affirmed. It is so ordered.

Affirmed.

BOULDIN, FOSTER, and LAWSON, JJ., concur.