62 So.2d 229

**WOODS et al. v. ALLISON LUMBER CO.**

**2 Div. 295.**

Supreme Court of Alabama.

Oct. 23, 1952.

Rehearing Denied Dec. 18, 1952.

Ira D. Pruitt, Livingston, and McQueen & McQueen, Tuscaloosa, for appellee.

Walter G. Woods, Tuscaloosa, for appellants.

LAWSON, Justice.

This is an appeal from a decree sustaining demurrer to a bill in equity as finally amended.

The bill was filed in October, 1948. Demurrer was sustained on July 22, 1949. Amendment to the bill was filed on August 15, 1949, and demurrer to the bill as amended was sustained on May 12, 1950. On June 10, 1950, the bill was again amended and demurrer to the bill as last amended was sustained on April 19, 1951, but the bill was not dismissed. From the decree of April 19, 1951, an appeal has been taken to this court by the complainants below.

By assignments of error 1 and 2, appellants seek to have us review the decrees of July 22, 1949, and May 12, 1950. Upon submission here, appellee moved to

strike these two assignments of error. The motion, while not necessary, is well taken. Pepper v. Horn, 197 Ala. 395, 73 So. 46. It is well settled that on an appeal from an interlocutory decree, appellant cannot assign for error interlocutory decrees rendered more than thirty days before the appeal was taken, but may do so from final decree. Lampkin v. Strawbridge, 243 Ala. 558, 11 So.2d 130; Bain v. Howell, 247 Ala. 514, 25 So.2d 167; Eatman v. Nuckols, 251 Ala. 544, 38 So.2d 494.

■ The third assignment of error challenges the correctness of the decree of April 19, 1951, sustaining the demurrer to the bill of complaint as last amended. Neither of the amendments were in the form of substituted bills. They contain no averments of intention to strike the original bill or to proceed entirely upon the amendment. They were not a departure from the original bill, but were supplemental thereto and the last amendment appears to have been supplemental to the original bill as previously amended. Such pleadings constitute one record. So, in passing upon the correctness of the decree of April 19, 1951, we consider the original bill and the two amendments thereto as constituting the case for complainants. Hawkins v. Tanner, 243 Ala. 641, 11 So.2d 351; Pate v. Bruner, 243 Ala. 648, 11 So.2d 356; Owens v. Owens, 245 Ala. 485, 17 So.2d 659.

■ The demurrer filed to the bill as last amended was addressed to the bill as a whole and to what the demurrant designated its several aspects. In its decree the trial court sustained the demurrer in general terms. This court in such cases usually confines its consideration to those grounds of the demurrer which were addressed to the bill as a whole. Florence Gin Co. v. City of Florence, 226 Ala. 478, 147 So. 417; White v. Manassa, 252 Ala. 396, 41 So.2d 395; Rowe v. Rowe, 256 Ala. 491, 55 So.2d 749.

■ We have pointed out that the question as to whether a bill is in a single aspect or presents a case in more than one aspect must be determined from its allegations of fact and cannot be divided up into so-called aspects by the manner in which a respondent addresses his demurrer. Montgomery Limestone Co. v. Bearden, 256 Ala. 269, 54 So.2d 571, and cases cited.

The bill as amended presents the following state of facts.

Lena R. Woods, the mother of complainants, secured a quitclaim deed to the lands in controversy on February 21, 1916, the grantors reserving the right to cut and remove the merchantable pine timber thereon within a period of four years.

On March 11, 1916, Lena R. Woods executed a mortgage on the property, exclusive of the pine timber, to Tom Lyle Grocery Company, a corporation, of Meridian, Mississippi. J. F. Woods, the husband of the mortgagor, also signed the mortgage.

Thereafter, on January 11, 1922, Lena R. Woods executed another mortgage to Tom Lyle Grocery Company, which her husband also signed. It was expressly provided therein that it was given as a renewal of the mortgage given to Tom Lyle Grocery Company under date of March 11, 1916. There was no mention of any reservation of the pine timber.

The mortgage indebtedness not having been paid, the two mortgages were foreclosed on January 19, 1929, and the mortgagee, Tom Lyle Grocery Company, became the purchaser at the foreclosure sale, as it was permitted to do under the terms of the mortgage. On the day of foreclosure, the auctioneer executed his deed to the purchaser, which deed purported to convey all of the suit property, including the pine timber thereon.

On December 12, 1946, Tom Lyle Grocery Company conveyed the suit property by warranty deed to Allison Lumber Company, a corporation.

Lena R. Woods died intestate on October 20, 1940, survived by her husband, J. F. Woods, and nine children. It is alleged that Lena R. Woods was in peaceable possession of the suit property until her death and that the complainants and their sisters were thereafter in peaceable possession of the property up to and including the time of the filing of the complaint and the amendments thereto.

The complainants are six of the children of Lena R. Woods, each of whom the bill alleges inherited an undivided one-ninth interest in the suit property, subject to a life estate of their father, J. F. Woods. It is alleged that the complainant Walter G. Woods has acquired the interests of three of his sisters, giving him an undivided four-ninths interest in the reversion and that he has also acquired the interest of his father. Each of the other complainants, it is alleged, owns an undivided one-ninth interest in the reversion.

The only respondent to the original bill is the Allison Lumber Company, although the bill alleged that "the Tom Lyle Grocery Company was suspended by an order of the Tax Commission of the State of Mississippi December 12, 1937, and that said suspension has not been set aside and your complainants are informed and believe and on such information and belief aver that said corporation has lost its charter by virtue of the aforesaid suspension." The amendment to the bill filed on August 15, 1949, contains the following: "Comes the complainants in the above styled cause and add as parties Defendant John Doe and Richard Roe, successors in interest of Tom Lyle Grocery Company, a corporation, whose correct names are otherwise unknown and who will be added by amendment."

The bill as amended contains every averment and the prayer necesssary to present a case to quiet title under §§ 1109 and 1110, Title 7, Code 1940. As before shown, it also contains other averments going to show the source and character of the title of complainants and of the respondent, Allison Lumber Company, and contains a special prayer asking for the cancellation of the two mortgages, the auctioneer's deed and the deed from Tom Lyle Grocery Company to Allison Lumber Company, the muniments of title under which it appears the Allison Lumber Company claims to own the lands in controversy.

If we correctly understand the amended bill, cancellation of the respondent's muniments of title is sought on two grounds: first, that the mortgages executed by the mother of complainants were to secure pre-existing debts of her husband; second, that the mortgagee, Tom Lyle Grocery Company, when it made the loan and took the mortgages, was a foreign corporation engaged in business in Alabama and had not complied with the laws of Alabama with respect to doing business in this state.

The amended bill also contains the following averments:

"H. Your complainants show further unto Your Honor that the attempted foreclosure deed marked Exhibit D and made on, to wit, the 19th day of January, 1929, to the Tom Lyle Grocery Company, could not have conveyed or foreclosed title to the pine timber on the property described therein, because the newspaper advertisement which advertised said attempted foreclosure sale expressly exempted said pine timber as not being included therein. A copy of said advertisement as follows, to wit, is attached hereto and marked Exhibit F and made a part of this bill of complaint, as though set out herein verbatim."

The view which we take of this case makes it unnecessary to pass on the question as to whether the averments and the prayer of the amended bill which comply with the statutory requirements of a bill to quiet title constitute a separate aspect.

It is well settled that a bill for such statutory relief may be joined with averments and prayer for other relief, such as cancellation of muniment of title under which the respondent claims to own the land in controversy. Cooper v. W. P. Brown & Sons Lumber Co., 214 Ala. 400, 108 So. 20; Standard Contractors Supply Co. v. Scotch, 247 Ala. 517, 25 So.2d 257. A bill so framed is not subject to demurrer taking the points that it is without equity or is multifarious. Bledsoe v. Price & Co., 132 Ala. 621, 32 So. 325; Standard Contractors Supply Co. v. Scotch, supra; Tennessee Valley Bank v. Clopton, 219 Ala. 181, 121 So. 548.

In considering the action of the trial court in sustaining the demurrer to the bill as a whole, we will consider the bill as one to cancel the muniments of title of respondent as clouds on the title of complainants.

■ In so far as such relief is predicated on the ground that Tom Lyle Grocery Company, when it made the loan and took the mortgages, was a foreign corporation engaged in business in Alabama and had not complied with the laws of Alabama with respect to doing business in this state, the grounds of demurrer properly addressed taking the point that in their bill the complainants failed to offer to do equity were well taken. Jenkins v. Jonas Schwab Co., 138 Ala. 664, 35 So. 649; Douglass v. Standard Real Estate Loan Co., 189 Ala. 223, 66 So. 614.

■■ If we understand the averments of paragraph H of the amended bill correctly, complainants seek to disaffirm the mortgage foreclosure sale on the ground of an irregularity in advertising the sale. We say this because the bill affirmatively shows that the mortgage of January 11, 1922, covered the timber as well as the land and hence the auctioneer's deed did not purport to convey more than the mortgage covered. Even if it be assumed that the foreclosure sale was voidable because of the advertisement, action should have been seasonably taken. The rule is to the effect that in the absence of unusual circumstances, the right to disaffirm a voidable foreclosure sale is barred by the lapse of two years from the date of the sale. Sansom v. Sturkie, 245 Ala. 514, 18 So.2d 267.

We come now to the question as to whether any of the grounds of demurrer properly addressed were well taken to that feature of the amended bill seeking cancellation of the several instruments on the ground that the mortgages were given to secure a debt of the husband.

■ Accepting as true on demurrer the averments of the amended bill to the effect that the mortgages were given to secure the debt of the husband, the mortgages were void, though they sufficed after the mortgagor's death to carry the life estate of the husband, since he joined with the wife in the execution of the mortgages. Sherrill v. Federal Land Bank of New Orleans, 244 Ala. 461, 14 So.2d 361.

■ Complainants, as heirs of their mother, stand in privity with her and succeeded to her right to have the mortgages vacated if executed in violation of the statute. § 74, Title 34, Code 1940; Sherrill v. Federal Land Bank of New Orleans, supra, and cases cited.

■ The right of the complainants to invoke the jurisdiction of a court of equity to secure the cancellation of the instruments is not affected by the fact that the mortgages operate to carry the life estate of the husband. Lansden v. Bone, 90 Ala. 446, 8 So. 65. The holding in the case last cited seems to have been criticized in Robinson v. Pierce, 118 Ala. 273, 304, 24 So. 984, 45 L.R.A. 66, but the holding was not overruled and has since been followed. Mitchell v. Baldwin, 154 Ala. 346, 45 So. 715.

■ There was no necessity to offer to do equity. Lansden v. Bone, supra.

■ It was not necessary to aver that the Allison Lumber Company had notice of the fact that the mortgages were given to secure the debt of the husband. Hatter v. Quina, 216 Ala. 225, 113 So. 47.

■ The fault of laches is not imputed to a complainant who has all the while been in possession of the property with respect to which relief is sought. Fowler v. Alabama Iron & Steel Co., 164 Ala. 414, 51 So. 393. The allegation of the continued possession of complainants and their mother refutes the demurrer's objection as for laches apparent on the face of the bill. Staples v. Barret, 214 Ala. 680, 108 So. 742, 46 A.L.R. 1084; Behan v. Friedman, 218 Ala. 513, 119 So. 20; City of Bessemer v. Ratliff, 240 Ala. 406, 199 So. 838; Blewett v. Stallworth, 248 Ala. 242, 27 So.2d 206.

■ Even if it be assumed that Tom Lyle Grocery Company, a corporation, should have been made a party respondent,

288

the averments of the bill tending to show the dissolution of that corporation are sufficient as against the grounds of demurrer taking the point that the said Grocery Company was not made a party respondent.

 We are of the opinion that the feature of the bill seeking to cancel the instruments on the ground that the mortgages were given to secure the debt of the husband is good as against the grounds of demurrer addressed thereto and that the trial court erred in sustaining the demurrer to the bill as a whole.

Reversed and remanded.

LIVINGSTON, C. J., and BROWN and STAKELY, JJ., concur.

On Rehearing.

LAWSON, Justice.

 A mortgage taken by a foreign corporation in this state without complying with the provisions of law now codified as § 192, Title 10, Code 1940, although void as an executory contract, will not be declared void after foreclosure of the mortgage, for the contract ceases to be executory and property rights become vested. Shahan v. Tethero, 114 Ala. 404, 21 So. 951; Diefenbach v. Vaughan, 116 Ala. 150, 23 So. 88; Hardison v. Plummer, 152 Ala. 619, 44 So. 591; Continental Trust Co. v. Tallassee Falls Mfg. Co., D.C., 222 F. 694. Grounds of demurrer taking this point were correctly sustained to that feature of the bill seeking cancellation of respondent's muniments of title on the ground that Tom Lyle Grocery Company, when it made the loan and took the mortgages, was a foreign corporation engaged in business in Alabama and had not complied with the laws of Alabama with respect to doing business in this state.

Opinion extended and application overruled.

LIVINGSTON, C. J., and BROWN and STAKELY, JJ., concur.