G. B. GREINER, Jr., Appellant,

v.

Carroll R. ROGERS, Appellee.

No. 4354.

Court of Civil Appeals of Texas, Eastland.

Dec. 12, 1969.

Harrell & Thompson, William G. Thompson, Breckenridge, for appellant.

Jackson & Jackson, Randall C. Jackson, Abilene, for appellee.

COLLINGS, Justice.

Carroll R. Rogers, doing business as Rogers Oldsmobile Company, brought suit on January 21, 1969 against G. B. Greiner, Jr., for the balance due on a promissory note dated September 30, 1964. Greiner alleged that the note was barred by the four year statute of limitation in that the suit was filed more than four years after plaintiff's cause of action accrued. Defendant Greiner also asserted that the note sued upon was usurious and that defendant was entitled to have all payments on the note applied to the principal, and that he should not be required to pay any amount of interest. The court overruled Greiner's special exception number 1 requesting the court to strike that portion of paragraph two of plaintiff's petition which alleged that the note was an installment note and erred in overruling defendant's special exception number 2 which requested the court to strike the marginal notation appearing on the face of the note attached to plaintiff's petition as his Exhibit A because said notation contradicted the body of the note. The trial was before the court without a jury and judgment rendered for plaintiff in the amount of $661.74 and for costs of suit. G. B. Greiner, Jr., has appealed.

The record shows that appellee Rogers, as plaintiff, filed suit on January 21, 1969, against appellant for the unpaid balance of $582.24, allegedly due on a promissory note executed by appellant on September 30, 1964 in the original principal sum of $1425.00. Appellee filed a supplemental petition which alleged in an exhibit attached thereto that defendant had paid plaintiff $1164.48 on the note. The record of payments as set out in the exhibit shows that plaintiff added to the original principal a total of $321.72, and after applying the payments made by defendants there was an alleged balance due on the note of $582.24.

In response to defendant's request for findings of fact and conclusions of law the court, among other findings, made the following findings of fact: (1) that the body of the note contained a promise by defendant Greiner to pay to plaintiff "after date ——Fourteen Hundred Twenty Five & 00/100 Dollars at Abilene, Texas, with 7% interest per annum from date;" (2) that the promissory note contained a notation in the lower left hand corner after the printed word "due" which read "48.52 mo— 36 mos— start 15 Nov. '64 Includes Interest" which notation was on the note prior to execution and delivery of same by the defendant; (3) that defendant made voluntary payments on the note commencing January 8, 1965 and continuing through February 1967.

We overrule appellant's points contending the court erred in concluding that the

marginal notation on the note in question to the effect that the note was due in 36 monthly installments of $48.52 each including interest starting November 15, 1964 prevailed over the figures and written provisions set out in the body of the note which provided in effect that the sum of Fourteen Hundred Twenty Five & 00/100 Dollars was payable on demand with interest from date at the rate of 7% per annum, and erred in overruling appellant's plea that appellee's suit on the note was barred by the four year statute of limitation, Article 5527, Vernon's Ann.Civ.St.

It is, in effect, agreed by the parties that the note sued upon is barred by the four year statute of limitation unless the marginal notation is given effect. The rule in such cases is stated in 9 Tex.Jur.2d at pps. 61–62 as follows:

"Any memorandum or agreement, across the face or on the back of the instrument, written contemporaneously with its execution and intended and understood by the parties to constitute a part of the contract, is a substantive part thereof; it limits and qualifies the paper in the same manner as if inserted in the body of the instrument. * * * But where there is a discrepancy between that which is noted in the margin and the body of a note, the latter controls."

It is appellant's contention that the body of the note taken separate and apart from the notation in the lower left hand corner is unambiguous, plainly providing that the maker agreed to pay on demand the sum of $1425.00 at the rate of 7% per annum; that the marginal notation taken separate and apart is unambiguous and required the maker of the note to pay $48.52 monthly for 36 months commencing November 15, 1964, making a total of $1746.72. Appellant contends that the body of the note and the marginal notation are in conflict and cannot be harmonized with respect to the rate of interest and the amount to be repaid; that the body of the note provides for interest on the principal at the rate of 7% per annum, whereas the payments required in the notation amount to an interest charge equivalent to 13% per annum; that to give effect to the notation would therefore render the provision of the note for interest invalid and ineffective, and that the note should, therefore, be construed as being due and payable on September 30, 1964, which date was more than four years prior to the filing of this suit, and that appellee's cause of action is therefore barred under appellant's plea of limitation. We cannot agree with appellant's contention.

It is undisputed that the notation in the lower left hand corner of the note was written contemporaneously with the execution of the note. The provisions of the notation were therefore a part of the note and should be considered not separately but together with all other portions of the note and with the action and conduct of the parties after the execution of the note in determining the intention of the parties. We cannot agree with appellant's contention that the provisions in the body of the note and the notation are in material conflict and cannot be harmonized.

In Volume 13 of Tex.Jur. 2d at page 300 it is stated as follows:

"Acts of the parties, including acts done in the course of performance, which indicate the construction that the parties themselves put on the contract, may properly be considered by the court in interpreting an agreement that is doubtful or ambiguous. The construction of the parties in such a case is obviously of great weight; indeed, it has even been declared that a persons' construction of his own language constitutes the highest evidence of his intentions. Consequently, on the assumption that the parties themselves were in the best position to know what was intended by the language used by them, it is often said that the construction placed on an ambiguous contract by the parties will govern the court's interpretation of the agreement. * * *"

**668**

The general rule is that marginal notations on a note at the time of its execution with the intention of such becoming a part of the instrument are to be given effect. Peavy-Moore Lumber Co., Inc. v. First National Bank of Beaumont, 133 Tex. 467, 128 S.W.2d 1158, 125 A.L.R. 1185 (Tex.Com.App., opinion adopted by Supreme Court 1930). The rules of construction governing contracts are applicable to bills and notes and a bill or note must be constructed as a whole so as to give effect, if possible, to every part of it. Weaver v. Weaver, 171 S.W.2d 898 (Tex. Civ.App., 1943, ref. w.m.). In our opinion the provision in the body of the note requiring payment to be made on demand is not necessarily in conflict with the notation providing for 36 payments of $48.52 each. The notation merely specified the payment schedule. The note considered from its four corners including the notation is capable of the construction that it contemplated both an obligation to make installment payments as provided in the notation and that the payee of the note upon demand might accelerate payment as a whole upon notice and demand. So construed there is no material conflict between the body of the note and the notation. Maynor v. Dillin, 241 Ala. 362, 2 So.2d 440; 11 Am.Jur.2d pages 92–93. The conduct of the parties after the execution of the note is further evidence of the fact that it was the intention of the parties that the note should be an installment note. Appellant made twenty-four payments on the note in compliance with the notation. The first payment was two months late. The last payment was in February of 1967 and was for two month's installments. Otherwise, payments were made monthly in the amount of $48.52. Twelve payments of $48.52 each remained unpaid and these are not barred by the statute of limitation. Points by appellant urging to the contrary are overruled.

In appellant's 6th and 7th points it is contended that the court erred, as a matter of law, in overruling his alternative plea that if the marginal notation was a part of the note, then the note was usurious; that under the provisions of Article 5071, V.A.T.C., the interest on the note was void and appellant was entitled to have all payments made on the note credited to the principal sum of $1425.00. We are of the opinion and appellee concedes that appellant's 6th and 7th points are well taken. The judgment is, therefore, reformed and judgment is affirmed for appellee for $286.57 including attorney's fees.