**Victoria ECHOLS, Appellant,**

v.

**PROFESSIONAL FINANCIAL ASSOCIATES, INC., Appellee.**

**No. 8804.**

Court of Civil Appeals of Texas, Texarkana.

Oct. 14, 1980.

Rehearing Denied Nov. 10, 1980.

---

Mark Perlmutter, Hilgers, Watkins & Hays, Austin, for appellant.

Milton L. Bankston, J. Stockton Williams, Jr., Stubbeman, McRae, Sealy, Laughlin & Browder, Austin, for appellee.

HUTCHINSON, Justice.

This appeal involves the construction of the payment provisions of a note awarded to appellant, Victoria Echols (now Ms. Huber), by the divorce decree entered in her suit against her husband, James Echols.

Mr. Echols was one of the incorporators of appellee, Professional Financial Associates, Inc. When the corporation was formed additional capital was needed and the instrument at issue here was used to obtain additional funds. Mr. Echols loaned appellee $20,000.00 in June of 1969 and took its note for that amount at 7½ annual interest, 10% at maturity, with the principal sum being due and payable in three years. The loan instrument contained a stock conversion provision permitting the payee to convert the amount due on the note to shares of appellee's common stock. It also contained a subordination clause providing that: "This note is second, inferior and subordinate to any and all past or future indebtedness of maker and liens securing same." The subsequent extensions of the instrument have been labeled as a "convertible subordinated debenture." However, there was no trust indenture accompanying the instruments and no further explanation of the payment provisions.

Appellant and Mr. Echols were divorced in 1971 and the note was awarded to her in the division of the community estate. With appellant's approval the note was renewed for one–year periods in both 1972 and 1973. The 1973 note is identical to the 1969 note except for the date, the name of the payee, the time for payment and the title of the instrument (the first note was untitled and the 1973 note is called a "Convertible Subordinated Debenture"). The 1973 note also provides that: "This debenture is given in renewal and extension of a debenture dated June 6, 1969, made by the maker hereof to James D. Echols for the same identical debt and of a debenture dated June 6, 1972 to Victoria H. Echols for the same identical debt." Appellant refused to agree to an extension of the note in 1974 and appellee began paying her 10% interest which she accepted. A copy of the proposed renewal note for 1974 was introduced into evidence and it provides for interest before maturity to be at the rate of 10% per annum. Appellant denied having been made aware of the existence of this 1974 note.

Trial was to the court and a take nothing judgment was entered. Findings of fact and conclusions of law were made and filed which are as follows: 1) the original note payable to Mr. Echols was executed on June 6, 1969; 2) the renewal notes were issued on June 6, 1972, and June 6, 1973; 3) appellant

accepted interest payments continually from June 6, 1973; 4) the note's promise to pay is qualified by the subordination clause; 5) appellee is currently burdened with outstanding indebtedness owed to several creditors; and 1) the continual payment of interest by appellee and its acceptance by appellant expresses their intent to extend the payment of the note; 2) appellee did not waive its right to claim the payment of the note to be extended; 3) the qualification of the promise to pay was clearly expressed; 4) the subordination clause precludes the payment of the note until all other debts of appellee have been paid; and 5) because appellee is currently burdened with other debts, the note is not now due and owing.

■■■ Appellant first asserts that the trial court erred as a matter of law in concluding that the continued payment and acceptance of interest on the 1973 note expressed the intention of the parties to extend the payment of the principal. The basis for such an assertion is that the legal requirements for a valid extension were not shown to have existed. It is undisputed that appellant never accepted or agreed to the 1974 written extension and the evidence from each party is to the effect that appellant categorically refused to extend the payment of the note. No definite period for such an extension was suggested or established. The accepted interest payments were specifically provided for in the 1973 note and the acceptance of such payments is not consideration for the extension of the payment of the principal. An agreement to extend the time of payment of a note must contain all of the elements of a contract in order to be enforceable. There must be consideration for the extension and the extension must be for a definite time. *Tsesmelis v. Sinton State Bank*, 53 S.W.2d 461 (Tex.Com.App. 1932, jdgmt. adopted); *Thompson v. First Austin Co.*, 572 S.W.2d 80 (Tex.Civ.App. Fort Worth 1978, writ ref'd n.r.e.); *Maceo v. Doig*, 558 S.W.2d 117 (Tex.Civ.App. Austin 1977, writ ref'd n.r.e.); *Mabry v. Abbott*, 471 S.W.2d 442 (Tex.Civ. App. Waco 1971, writ ref'd n.r.e.); *Sonfield v. Eversole*, 416 S.W.2d 458 (Tex.Civ.App.

Texarkana 1967, writ ref'd n.r.e.); *Shepherd v. Erickson*, 416 S.W.2d 450 (Tex.Civ. App. Houston–1st Dist. 1967, writ ref'd n.r. e.); *Crispi v. Emmott*, 337 S.W.2d 314 (Tex. Civ.App. Houston 1960, no writ); *Workman v. Ray*, 180 S.W. 291 (Tex.Civ.App. Amarillo 1915, no writ). Appellee's contention that the acceptance of the interest payments estops appellant from declaring the note to be in default is without merit. By accepting the interest payments, she did only that which she was permitted to do by the terms of the 1973 note.

The remaining points of error pertain to the trial court's interpretation of the subordination clause found in each of the notes, with the appellant contending that such clause is "inchoate" and appellee asserting that the clause is "complete." Appellant says that the subordination clause as drawn does not become operative until a voluntary or involuntary distribution of appellee's assets is made to its creditors and that until such a financial distress occurs, the subordinated debt is due and payable according to the payment terms. In other words, appellant contends that the payment of both principal and interest on the subordinated note according to the payment terms is required until such time as there may be a voluntary or involuntary distribution of appellee's assets to appellee's creditors, at which time payment will be made only if assets remain after the payment of all other indebtedness. In response, appellee insists that the subordination clause is complete and payment of the principal of the note is deferred until *all* present and future indebtedness of appellee have been discharged.

■■■ Regardless of what the parties may choose to call the instrument here sued upon, it is a form of note and as such is a contract subject to the rules of construction applicable to contracts. *Vahlsing Christina Corporation, Inc. v. The First National Bank of Hobbs*, 491 S.W.2d 954 (Tex.Civ. App. El Paso 1973, writ ref'd n.r.e.); *Greiner v. Rogers*, 450 S.W.2d 665 (Tex.Civ.App. Eastland 1969, no writ); *Weaver v. Weaver*, 171 S.W.2d 898 (Tex.Civ.App. Fort Worth

1943, writ ref'd w.o.m.). The most basic rule of construction is that the intention of the parties as expressed in the instrument should be ascertained and given effect. *Spence & Howe Construction Co. v. Gulf Oil Corp.*, 365 S.W.2d 631 (Tex.1963); *Republic National Bank of Dallas v. National Bankers Life Ins. Co.*, 427 S.W.2d 76 (Tex.Civ. App. Dallas 1968, writ ref'd n.r.e.); *Ervay, Inc. v. Wood*, 373 S.W.2d 380 (Tex.Civ.App. Dallas 1963, writ ref'd n.r.e.). In so doing, the court should not inquire as to what the parties meant to say, but should ascertain the meaning of what they did say. However, the provisions of the contract which are apparently inconsistent or conflicting are to be reconciled and harmonized, if possible, by reasonable interpretation so as to give effect to the contract as a whole and an interpretation should not be given, if possible, to one part of the contract which will annul another part of the contract. *Mercer v. Hardy*, 444 S.W.2d 593 (Tex. 1969); *Southland Royalty Company v. Pan American Petroleum Corporation*, 378 S.W.2d 50 (Tex.1964); *Woods v. Sims*, 273 S.W.2d 617 (Tex.1954); *Young v. De La Garza*, 368 S.W.2d 667 (Tex.Civ.App. Dallas 1963, no writ). If appellee's asserted interpretation of the note is upheld, the subordination clause will, in effect, cancel the promise to pay. If the clause is interpreted as "inchoate", as appellants suggests, effect is given to both the promise to pay and the subordination clause. When so interpreted, the terms of the note are not ambiguous nor conflicting. We therefore hold that the subordination clause of the note becomes effective only upon a voluntary or involuntary distribution of appellee's assets prior to payment date of the principal and interest of the note.

The judgment of the trial court is therefore reversed and the cause is remanded for the entry of a judgment in accordance herewith.